## DISTRICT OF COLUMBIA *v.* CLEPHANE.

IN ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted January 2d, 1884.—Decided January 21st, 1884.

*Contract.*

An agreement to lay down a certain kind of pavement in the streets of a city, and if at any time during the period of three years from the completion of the work any part shall become defective from imperfect or improper material or construction, and in the opinion of the other party shall require repair, then that the contractor will, on being notified thereof, commence and complete the same to the satisfaction of        other party, is not a warranty against effects of weather, or wear in use, or against defects resulting from other causes than those specified : and in a suit against the contractor to recover the cost of repairs made by the municipal authorities after notice to the contractor and neglect by him to make the repairs; it is necessary to prove that the alleged defects resulted from improper construction, or from the use of imperfect or improper materials.

*Mr. A. G. Riddle* for plaintiff in error.

*Mr. W. F. Mattingly, Mr. C. C. Cole,* and *Mr. William A. Cook* for defendant in error.

Mr. JUSTICE MILLER delivered the opinion of the court.

The defendant in error made a contract in writing with the Board of Public Works of the District of Columbia in 1872 for the paving of parts of certain streets in the city of Washington with the "Miller wood pavement." In that contract there was the following clause, on which this action is founded on account of its alleged violation by the defendant :

"Ninth. It is further agreed that if at any time during the period of three years from the completion of the work to be done under this contract any part or parts thereof shall become defective from imperfect or improper material or construction, and in the opinion of the said party of the first part require repair, the said party of the second part will, on being notified thereof, immediately commence and complete the same to the satisfaction of the said party of the first part ; and in case of a failure or neglect of the said party so to do, the same shall be done under the

directions and orders of the said party of the first part at the cost and expense of the said party of the second part."

The plaintiff alleges that the defendant did not in good, sufficient, and workmanlike manner, nor in accordance with the specifications of the contract, execute the work therein mentioned, and that within three years from its completion a large part of it became defective from imperfect and improper material and construction. It is further alleged that defendant was duly notified of this and required to repair it, which he failed to do, whereupon plaintiff did so, at an expense of $40,517, for which judgment is asked against defendant. The answer is a substantial denial of these allegations, with some special matter in defence not material to be noticed here.

On the trial before a jury, after all the plaintiff's evidence was in, the defendant demurred to it as insufficient, and the court directed the jury to find a verdict for the defendant.

It appears from the bill of exceptions, which contained all the evidence offered, that within the three years after the completion of the work the pavement became so badly broken up and so imperfect as to require extensive repairs, and demand was made on defendant to repair it; that on his failure to do so the officers of the District who had charge of the matter determined to remove the wooden pavement on several squares of the streets and replace it with another kind of pavement, to wit, vulcanite concrete pavement. That the cost of this was $40,517, except that of this sum $1,242.92 was for taking up and relaying wood pavement and removing *débris.* No evidence was given that the material furnished by defendants was defective or unsound, or that the work was not well done in putting it down.

It is too plain for argument that the defendant did not agree that if his pavement should need repair within the three years, that the authorities of the District, because he failed to repair, could change the entire character of the pavement from a wooden to a stone or concrete or vulcanite or any other pavement, and place it where the one had been constructed by him, and charge the entire cost of the new and better class of pavement to him.

Even if it be conceded that defendant was bound at all haz-
ard to keep his pavement in repair for the three years, or pay
the District government for so doing, this meant repair, not
a new pavement; such repairs as that kind of pavement was
capable of and not a new and much more expensive one to be
laid at his cost.

As plaintiff did not make such repairs, and offered no evi-
dence of what it would have cost to make them, we do not see
that there was any evidence on which a verdict could be ren-
dered.   It is true that it appears that plaintiff paid $1,242.92
for taking up and relaying wooden blocks, and if there had
been any evidence that this was rendered necessary by the
failure of the defendant to perform his contract well, it might
have been left to the jury as to that much damage by reason of
such failure.

But we concur with the court below, that the defendant did
not contract for the perfection of his work for three years, nor
that he would keep it good for that time.

His contract was to lay the Miller wood pavement, a
patented invention.   Of the capacity of this invention for re-
sisting weather and use the Board of Public Works, and not he,
took the responsibility.   All his material was submitted to the
inspection of the plaintiff's engineers, and all his work was
done under their eyes, and he could only receive his pay on
their certificate of work done and inspected.

The language of his agreement is, that if any parts thereof,
that is, the pavement, "shall become defective from imperfect
or improper material or construction," he will repair.

No evidence was offered that any of the material was imper-
fect or improper when placed there, or that any of this con-
struction was improperly or defectively done.   We think this
was necessary to enable plaintiff to recover.   It will not be
presumed, because the work needed repair within three years,
that the material furnished by plaintiff was originally imper-
fect, or that the construction was not well done.

The pavement may have become defective from improper
and rough usage, from permitting water to stand on it and
produce decay, or, what is far more likely, from the inherent

inability of the Miller wood pavement to resist the usual dis-integrating forces to which all pavements are subjected. Against this defendant did not warrant, and for its consequences he did not agree to become responsible.

In the absence, therefore, of any evidence that the pavement became defective within three years from imperfect or improper material or construction used by defendant, there was no case against him, and the direction of the judge was correct.

*The judgment of the Supreme Court of the District of Columbia is, therefore, affirmed.*