'Argued June 25, reversed and remanded July 15, 1919.

## DALLES CITY *v.* AETNA ACCIDENT CO.*

### (182 Pac. 385.)

**Municipal Corporations—Paving Contracts—Guaranty of Work—Action on Bond—Evidence—Sufficiency.**

1. In an action on an undertaking executed by a paving company and an accident and liability company insuring faithful performance of a pavement contract and providing for the repair of defects attributable to defective workmanship or material within five years, the mere fact that the top or wearing surface of the pavement wore out, leaving the concrete base to disintegrate, *held* not sufficient evidence to justify a finding of defective materials and workmanship.

[As to when relation of cosuretyship exists, see note in **Ann. Cas.** 1915A, 1206.]

From Wasco: FRED W. WILSON, Judge.

Department 1.

This is an action upon an undertaking executed by the defendants Dolorway Paving Company and the Aetna Accident & Liability Company, to insure the faithful performance of a contract for paving a street in the plaintiff city. The salient clause in the undertaking is as follows:

"Now, therefore, if the said principal shall, during the period of five (5) years, repair at their own cost and expense, any and all defects in connection with the said improvement contract, which are attributable to defective workmanship or material, then this obligation shall be void, otherwise to remain in full force and effect."

From the complaint, which was filed on February 13, 1918, it appears that the contract for the paving was let on April 30, 1913, and the undertaking executed on

*On the question as to what conditions or defects are covered by provisions in paving contract requiring contractor to keep paving contract in repair, see notes in 9 L. R. A. (N. S.) 154; 49 L. R. A. (N. S.) 922.                                                    REPORTER.

June 2, 1913. It is alleged that the materials used in the construction of the pavement were defective in quality and the workmanship also was defective, so that the structure had gone to pieces to such an extent as to require repairs which would cost a sum largely in excess of the liability assumed in the bond, which was $2,000. The defendant the Aetna Accident & Liability Company was the only one that was served with summons, and the action was prosecuted against it alone. This defendant answered the complaint, denying that the pavement was in need of any repairs caused by defective materials or workmanship, and pleading affirmatively that the contractor had performed the work strictly in accordance with the terms of the contract, using good materials and proper workmanship. A reply having been filed, there was a trial by jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Senn, Ekwall & Recken* and *Mr. J. L. Corrigan,* with oral arguments by *Mr. Corrigan* and *Mr. Frank S. Senn.*

For respondent there was a brief over the names of *Mr. William H. Wilson* and *Mr. Paul Childers,* with an oral argument by *Mr. Wilson.*

BENSON, J.—1. At the conclusion of the trial, when both parties had rested, the defendant moved the court for a directed verdict upon the ground that there was an entire absence of any evidence tending to prove that the faulty condition of the pavement was the result of either defective materials or workmanship. The

denial of this motion constitutes the only assignment of error. We have read the transcript of the testimony with care, and have not been able to discover a syllable of evidence as to the character of the materials used, or the quality of the workmanship. Indeed, the plaintiff concedes that there is no direct testimony upon the subject, but contends that the fact that the top or wearing surface wore out, leaving the concrete base to disintegrate, as it did, is ample evidence to go to the jury upon the question of defective materials and workmanship. Upon this question we are compelled to agree with the opinion of the United States Supreme Court, as expressed in the case of *District of Columbia* v. *Clephane,* 110 U. S. 212 (28 L. Ed. 122, 3 Sup. Ct. Rep. 568). This was an action under substantially the same sort of contract. No evidence was given that the material furnished by defendants was unsound, or that the work was not well done in putting it down. There was evidence that within three years after the completion of the work the pavement became so badly broken up and so imperfect as to require extensive repairs. In the opinion, Mr. Justice MILLER says:

"His contract was to lay the Miller Wood Pavement, a patented invention. Of the capacity of this invention for resisting weather and use, the Board of Public Works, and not he, took the responsibility. * * The language of this agreement is, that if any parts thereof, that is, the pavement, 'shall become defective from imperfect or improper materials or construction, he will repair.' No evidence was offered that any of the material was imperfect or improper when placed there, or that any of this construction was improperly or defectively done. We think this was necessary to enable plaintiff to recover. It will not be presumed, because the work needed repair within three years,

that the material furnished by plaintiff was originally imperfect, or that the construction was not well done.''

In the case at bar, the city authorities selected a patented article, ''The Dolorway Pavement,'' and the contract was based upon the specifications therefor. The facts bring the case clearly within the doctrine announced in the quotation above made.

It is possible that upon a retrial the plaintiff may present the necessary evidence to establish its claim. The judgment is reversed and the cause will be remanded for a new trial.     REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.