The Bowery National Bank, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondents.

Plaintiff's assignor contracted with defendants to pave a certain street; by the contract the full completion of the work was to be certified to by the water purveyor before payment could be required. The contractor fully performed his contract, but the water purveyor refused to give his certificate, because of an injunction order duly issued in an action brought by a third party against defendants. In an action upon the contract, *held*, that in determining as to whether the refusal was unreasonable, and if so, whether the contractor was excused from the performance of the condition, the interference of a third party could not be considered, but only the circumstances of the contract, and the objects sought to be accomplished by the condition; that in the contemplation of the contract the certificate ought to have been given when the contract was beyond all question fully completed, and its refusal was unreasonable; and that, therefore, a dismissal of the complaint, upon the ground of the failure to obtain the certificate, was error.

*The Bowery Nat. Bk.* v. *The Mayor*, etc. (3 Hun, 639) reversed.

(Argued November 23, 1875; decided December 7, 1875.)

Appeal from a judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendants, entered upon an order dismissing the complaint upon trial. (Reported below, 3 Hun, 639.)

This action was brought upon a contract between defendant and the Hanover Wood Preserving Pavement Company, plaintiff's assignors, by which said company contracted to regulate and pave One Hundred and Twenty-eighth street in the city of New York.

Among other provisions, the contract provided that the contractor " shall not be entitled to demand or receive payment for any portion of the aforesaid work or materials, until the same shall be fully completed in the manner set forth in this agreement, and each and every one of the stipulations hereinbefore mentioned are complied with, and such completion duly certified by the inspectors employed on the work,

and by the water purveyor or other officer designated by the said commissioner of public works; whereupon the parties of the first part will pay, and hereby bind themselves and their successors to pay to the said party of the second part, in cash, on the confirmation of the assessment to be laid for said work, the whole of the moneys accruing to him under this agreement," etc.

It was conceded that the contract was fully completed and performed by the contractor, and the completion was duly certified by the inspectors employed on the work, but no certificate was given by the water purveyor, he declining to give such certificate, because of an injunction order, issued in an action brought by one Charles B. Tooker against the defendants and others, restraining them from further proceedings in the matter of paving said street. No other officer had been designated to give such certificate. At the close of the evidence, as the case states, the defendants' counsel moved to dismiss the complaint. Plaintiff's counsel asked to go to the jury, upon the question whether or not the water purveyor unreasonably refused, and in bad faith, to give the certificate. This was denied, and the motion to dismiss granted, on the ground of the failure of plaintiff to produce the certificate of the water purveyor, to which plaintiff's counsel duly excepted.

*George W. Wingate* for the appellant. The acceptance of the certificate of the commissioner of public works was a waiver of the production of the water purveyor's certificate. (*Thomas* v. *Fleury*, 26 N. Y., 34; *Yeates* v. *Balentine*, 56 Mo., 530.) The refusal of the water purveyor to give the certificate demanded was unreasonable. (*Weeks* v. *Smith*, 3 Abb. Pr., 211, 214.) The water purveyor's certificate having been refused on unreasonable grounds, plaintiff was absolved from producing it. (*Thomas* v. *Fleury*, 26 N. Y., 33, 34; *McMahon* v. *N. Y. and E. R. R. Co.*, 20 id., 463, 467; *U. S.* v. *Robeson*, 9 Pet., 319, 327; *Devlin* v. *Second Ave. R. R.*, 44 Barb., 81, 84; *Jenks* v. *Robertson*, 12 Alb. L. J., 57; *Smith*

v. *Smith*, 45 Vt., 433.) The injunction order furnished no excuse to defendants for refusing to pay for the work done under the contract. (*Hurd* v. *Gill*, 45 N. Y., 341–343; *Butler* v. *Tucker*, 24 Wend., 449; *Giles* v. *Crosby*, 5 Bosw., 389; *Baker* v. *Johnson*, 2 Robt., 570, 580; 42 N. Y., 126; *Christ* v. *Armour*, 34 Barb., 378, 385, 387; *Reid* v. *Edwards*, 7 Port. [Ala.], 420; *Cobb* v. *Harmon*, 23 N. Y., 148, 152; *Thorp* v. *Ross*, 4 Abb. Ct. App. Dec., 416.)

*D. J. Dean* for the respondents. The failure to prove that the work had been certified to by the water purveyor was fatal to plaintiff's case. (*Smith* v. *Brady*, 17 N. Y., 173; *Butler* v. *Tucker*, 24 Wend., 447; *Thomas* v. *Fleury*, 26 N. Y., 26; *U. S.* v. *Robeson*, 9 Pet., 349; 1 Laws 1870, chap. 137, § 79, p. 385.)

FOLGER, J. This case was argued as if it presented two points. A reference to the appeal book shows that but one, was raised at the trial and passed upon by the court there. The book shows that the defendants moved to dismiss the complaint, with no specification of the ground of motion; that the plaintiffs' counsel asked to go to the jury upon the question whether or not the water purveyor unreasonably refused, and in bad faith, to give the certificate; that such request was denied, and that the motion to dismiss was granted, upon the ground of the failure of the plaintiff to produce the certificate of the water purveyor. There is no mention made of any other ground for a dismissal having been stated or passed upon at Circuit.

It was made by the contract, a condition precedent to the right of the plaintiffs or its assignor to demand or receive payment, that the work and materials should be fully completed in the manner set forth in the agreement, and each and every of its stipulations complied with, and such completion duly certified by the inspector employed on the work, and by the water purveyor, or other officer designated by the commissioner of public works. It is not disputed but

that the contract and all its stipulations, were fully performed and completed by the assignors of the plaintiffs. The inspector employed on the work duly certified to such completion. As the commissioner of public works did not designate any other officer than the water purveyor to give a like certificate, the plaintiffs and their assignors had done all that was required of them by the letter of the contract, save to obtain the certificate of such completion, from the last named officer.

It was necessary for them, either to prove upon the trial the making of such certificate by him, or to show that it was refused unreasonably, or in bad faith. It was unreasonable to refuse it, if it ought in the contemplation of the contract, to have been given. In such contemplation it ought thus to have been given, when in very fact and beyond all pretence of dispute, the state of things existed, to which the water purveyor was to certify, to wit: the full completion of the contract in each and every one of its stipulations. That such state of things did exist, is conceded. It is claimed, however, that the water purveyor refused, because he was forbidden by the valid injunction order of a competent judicial officer, and that hence he had good reason for refusing. This might be a protection to him from personal consequences. Such interference by a third party does not, however, enter into the consideration of the question, whether a contracting party is to be excused from the literal observance of a technical condition precedent, where there is a lack of good reason for exacting strict performance. In that consideration, we have to do only with the circumstances of the contract, and the objects sought to be accomplished by that condition in it, and whether those, being strictly held and applied in all force against the promissor, the whole purpose of the condition has been fully and exactly achieved. Then, for the umpire between the contracting parties to refuse his formal approval, is unreasonable; because there is nothing in the situation of the contracting parties, nor in the way in which they have performed the contract, nor in any of the results anticipated by the conditions

of it, that renders a refusal just or proper. It would be unreasonable, that if the judgment of the umpire had pronounced the contract fully completed, his sudden physical infirmity (his insanity for example), or his death, disenabling him from putting his signature to a certificate to that effect, should deprive the contractor of a right of action, on account of the non-production of it. The injunction order is like that — it is that. It has not prevented the assent of the skill and judgment of the water purveyor, that the contract has been fully completed. It only stays his hand from expressing in writing his conviction. A refusal for that cause, is based upon something, far apart from the non-performance by the contractor of his duty under the contract, far apart from the attainment by the municipality of the objects and benefits of the condition ; something which is the act of a stranger to the contract, and should not affect the contractor, and hence is, as to him, and as to the contract and conditions, unreasonable.

When it was conceded, that the assignors of the plaintiffs had fully completed the contract, that the refusal to give a certificate admitted that fact, and was founded upon something extrinsic to their performance; that refusal was unreasonable, in a proper application of the legal idea of that term, in such connection. As this is the only ground upon which the motion to dismiss the complaint was made and granted, the judgment should be reversed, and a new trial ordered, etc.

Doubtless the other question discussed in the opinion at General Term, and made and argued here, is involved in the case, and may be distinctly presented upon a new trial. Doubtless, too, a nonsuit at the Circuit may be sustained on review, for other reasons and upon other grounds than those stated at the trial. But such should not be the course, if it will not afford to the appealing party, all the opportunities for success in the litigation to which he is fairly entitled. Thus it is possible that, had the trial court intimated a reliance upon this other ground now presented, the plaintiffs might have asked to renew their proofs, and have shown more fully than they did, such action or inaction of the defendants in the

injunction action as amounted to collusion, and to such negligence as was equivalent to a fraud upon the plaintiffs; or upon the proofs which were then in the case, have urged that the defendants had, by their own act or negligence, created or allowed the state of things, which prevented the doing of the official acts of assessment and confirmation, upon the performance of which, the time for payment by the defendants would have come.

We may not speculate what the court or jury would have done with this question; nor is it now profitable to discuss the legal question, when the facts may be more, or different, at a new trial.

All concur.

Judgment reversed.