[No. 18324. In Bank.—May 19, 1896.]

G. N. PLATT, RESPONDENT, v. WILLIAM BUTCHER, APPELLANT.

BROKER'S COMMISSIONS — SALE OF REAL ESTATE — STATUTE OF FRAUDS — PAROL EXTENSION OF TIME.—By section 1624 of the Civil Code, an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission is invalid, unless it is in writing; and the time of performance of a written contract authorizing such a sale within a specified time cannot be extended by parol agreement; nor can such parol agreement be deemed an executed parol agreement, altering the written contract, within the meaning of section 1698 of the same code.

APPEAL from a judgment of the Superior Court of Solano County. A. J. BUCKLES, Judge.

The facts are stated in the opinion of the court.

*George A. Lamont*, for Appellant.

The contract set forth in the complaint is required to be in writing. (Civ. Code, sec. 1624.) A contract required by the statute of frauds to be in writing cannot be altered, or the time for its performance extended by parol. (*McCarthy* v. *Loupe*, 62 Cal. 299; Wood · on Frauds, 388; *Abell* v. *Munson*, 18 Mich. 306; 100 Am. Dec. 165; *Blood* v. *Goodrich*, 9 Wend. 68; 24 Am. Dec. 121; *Emerson* v. *Slater*, 22 How. 28; *Swain* v. *Seamens*, 9 Wall. 254; Brown on Frauds, sec. 411.) As the written contract, by its terms, expired September 1, 1885, a year and a half before the execution of the oral agreement, there was no written agreement in existence that could be altered by the executed oral agreement.

*A. J. Dobbins*, and *Charles A. Swisler*, for Respondent.

The time of performance of a written contract within the statute of frauds may be enlarged by a subsequent verbal agreement; the original contract continues, and there is only a substitution of different days of performance. (Civ. Code, sec. 1698; *Cuff* v. *Penn*, 1 Maule & S.

21; *Wangenheim* v. *Graham*, 39 Cal. 169; *Beach* v. *Covillard*, 4 Cal. 315; *Whiting* v. *Heslep*, 4 Cal. 327; *McDonald* v. *Mountain Lake etc. Co.*, 4 Cal. 335; *McFadden* v. *O'Donnell*, 18 Cal. 160; *Dougherty* v. *Doe*, 33 Pac. Rep. 165.) When the oral agreement becomes executed, the written one becomes altered to the extent of the oral one. (Civ. Code, sec. 1698; *Taylor* v. *Soldati*, 68 Cal. 28; *Erenberg* v. *Peters*, 66 Cal. 115; *Barilari* v. *Ferrea*, 59 Cal. 1; *Barsolou* v. *Newton*, 63 Cal. 223; *Hewlett* v. *Miller*, 63 Cal. 185; *Lassing* v. *Paige*, 51 Cal. 575; *White* v. *Soto*, 82 Cal. 654; *Smith* v. *Taylor*, 82 Cal. 546.) The oral agreement of extension of time was fully executed, as its object, namely, a sale within the extended time, had been fully performed. (Civ. Code, sec. 1661.)

GAROUTTE, J.—This is an action by a real estate broker to recover commissions upon a sale of real estate. Judgment went against defendant, and he appeals. The contract of employment was in writing, and, by its terms, was to remain in full force and effect until September 1, 1885. A short time prior to that date, by parol agreement, the time for performance was extended, and, during such extension of time, the broker found a purchaser for the land, and a sale was made. The merits of the present litigation are dependent solely upon the validity of the parol agreement extending the time for performance.

By section 1624 of the Civil Code certain contracts are declared invalid "unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged or his agent . . . . 6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission"; and this provision of law is invoked to defeat plaintiff's claims. But section 1698 of the same code declares that a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise, and plaintiff insists that the parol extension of time for the performance of the original

written contract, coupled with the fact that he found a purchaser within such extension to whom the land was sold, constitutes an *executed parol agreement*, and thereby validates the contract.

Plaintiff has no cause of action upon the showing made. The parol agreement in this case was a covenant to extend the time for the performance of a certain contract. If that covenant be construed as one in effect covering all the terms of the original written contract, then it was not an alteration or variation of that contract, but the creation of a new one, and, to be valid, should have been in writing. If the covenant be simply and solely one extending the time for the performance of a prior written contract, it cannot be that "oral agreement" spoken of in said section 1698. For it is not the original contract as altered which must be executed, but the oral agreement alone, and an oral agreement simply extending time cannot be executed, for there is nothing to execute. No affirmative action is required. Such an agreement calls for nothing to be done, and expires by mere lapse of time.

Another view of this matter even more conclusive against plaintiff's contention presents itself. An oral agreement does not alter a contract in writing until it becomes an *executed* oral agreement. The oral agreement relied upon in this case was not valid when made, for it was not executed at that time. According to plaintiff's claims it was not executed until months after September 1, 1885, the time fixed for the expiration of the original contract itself. Upon September 1, 1885, the written contract expired by express provision, unless some valid agreement then in existence kept it alive, but at that time there was no valid agreement in existence. The oral agreement was no agreement until executed, and it was not executed until long after that date, and when executed there was no existing contract in writing which might or could be altered. The date when an oral agreement takes effect as altering a written contract is the date when it is executed. It then

has the same effect as an agreement in writing of that date altering the original contract. Under the facts of this case, at the time the oral agreement was executed there was no contract in writing upon which an executed oral agreement could take effect.

For the foregoing reasons the judgment is reversed.

Harrison, J., Van Fleet, J., Henshaw, J., and McFarland, J., concurred.

Rehearing denied.