### LANGLEY v. ROUSS.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. BUILDING CONTRACTS—ARCHITECTS—AUTHORITY—CONDITIONS OF CONTRACT—WAIVER.

Where a building contract provided that the contractor should provide all the materials and perform all the work to the satisfaction of a certain architect, acting for the purposes of the contract as the agent of the owner, such architect had authority to waive a provision of the contract

declaring that no extra work would be allowed without an itemized estimate submitted by the contractor, and on an architect's written order for the same.

**2. SAME—CERTIFICATE—NECESSITY.**

Where extra work under a building contract was done by the parol direction and with the sanction of the architect, who was the owner's agent, the contractor was entitled to recover for such work without the production of the certificate of the architect as required by the contract, if the architect unreasonably refused to execute such certificate.

**8. SAME—EXTRA WORK.**

Where, at the time of the execution of a building contract, it was contemplated that the wall of an old building should act as a shoring support while the columns were being set in the new building, and in the progress of the construction it became apparent that the wall was not available for that purpose, extra work in furnishing and setting shoring beams, made necessary thereby, was not covered by the contract.

**4. SAME.**

In an action for extra work performed under a building contract for shoring, sheath piling, sustaining, and underpinning an adjoining wall, the plaintiff was entitled to rely on a provision of the specifications as to the depths of independent foundations on the property; and if such specifications were incorrect, and their falsity rendered the work necessary, plaintiff was entitled to recover.

Goodrich, P. J., dissenting.

Appeal from Trial Term, Queens County.

Action by John Langley against William W. Rouss, as executor of the estate of Charles Broadway Rouss, deceased. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Nelson Zabriskie, for appellant.
William J. Townsend, for respondent.

WILLARD BARTLETT, J. The plaintiff entered into a contract with Charles Broadway Rouss whereby the plaintiff undertook to perform certain mason and carpenter work on a building to be erected for Mr. Rouss, and in the alteration and extension of another building owned by him. This action is brought to recover $11,505.30, as the value of extra work, over and above that provided for in the contract, which extra work is alleged to have been performed at the request of Mr. Rouss. Upon the trial, at the close of the evidence on both sides, the complaint was dismissed; and from the judgment entered upon the dismissal, and an order denying his motion for a new trial on the minutes, the plaintiff has appealed.

The appeal can be disposed of most conveniently by considering the points made by the respondent in support of the dismissal.

The first is that the plaintiff was not entitled to extra work without proof of a written order from the architect for the same. The contract provides that "no extra work will be allowed in any case unless itemized estimate is submitted by contractor and architect's order in

¶ 2. See Contracts, vol. 11, Cent. Dig. §§ 1308, 1310.

writing is given for the same." The answer to this objection is that, as to the extra work thus done, there was proof tending to show that the requirement was waived by the architect, and by the provisions of the contract the architect was made the agent of the owner, and had authority to waive such requirement in his behalf. Article 1 of the contract declares that "the contractor shall provide all the materials and perform all the work mentioned in the specifications and shown on the drawings, under the direction and to the satisfaction of William J. Dilthey, architect, acting for the purposes of this contract as the agent of the said owner," Charles Broadway Rouss. In Thomas v. Stewart, 132 N. Y. 580, 30 N. E. 577, it was held that an architect who was the agent of the owner, and represented him in the erection of the building, possessed authority to consent to the substitution of materials inferior to those called for by the contract. This was equivalent to a waiver of the provisions of the contract prescribing the use of better materials. The authority in the present case to act "for the purposes of this contract" as the agent of the owner, empowered the architect to do anything which the owner himself could do in respect to the matters mentioned therein; and one of those matters was extra work. The plaintiff, therefore, was not prohibited from recovering for extra work by the requirement that he should obtain the architect's order therefor, if he could show that the architect had waived the requirement; and he offered sufficient proof of such a waiver to entitle him to have that question submitted to the jury.

What has already been said disposes of the respondent's second point, that "the architect, as agent of the owner, had no authority to waive the provision of the contract requiring a written order for extra work."

The third point is that the plaintiff was not entitled to recover without the production of a certificate of the architect as to the amount due for extra work. This is based upon the provision in the contract that "all payments shall be made upon written certificates of the architect that such payments have become due." But if the extra work for which this suit is brought was done by the oral direction and with the sanction of the architect, empowered to represent the owner as his agent, and the architect refused to certify that the contractor was entitled to payment of the reasonable value thereof, such refusal would be without any justification, and cannot be available to the owner as a defense. Where a provision for a certificate is contained in a contract like this, the contractor is excused from producing the certificate if he shows that it was refused unreasonably or in bad faith. Bowery National Bank v. Mayor, 63 N. Y. 336.

Finally, we come to the proposition embraced in the fourth and fifth points of the brief for the respondent, that the work for which the plaintiff seeks to recover was not extra work, but was covered by the contract and specifications. Counsel on both sides treat the plaintiff's claim as consisting of four items: (1) For sustaining and shoring beams and flooring of old building while columns and girders were being put in place, $6,600; (2) for shoring, sheath piling, sustaining, and underpinning adjoining north wall, $3,414.40; (3) for roofwork

and bulkhead on old building, $1,215.90; and (4) for temporary galvanized smoke pipe, $275. I think a fair construction of the contract and specifications leads to the conclusion that very little, if any, of the work represented by these items, was included within the specific terms of the agreement between the parties. In regard to the first item, the mason's specifications show that it was contemplated by the owner that the northerly wall of the old building should act as a shoring support while the columns were being set in the new building. In the progress of construction, however, it became apparent that the wall was not available for such purpose; and, because it could not thus be utilized, the extra work included in this item of the plaintiff's claim was rendered necessary. It could not have been within the contemplation of the parties as essential at the time when the contract was made, because the language of the mason's specifications on this point expressly declared that the north wall was to furnish the requisite support: "The present northerly bearing wall to act as shoring supports while setting columns." The plaintiff's claim to be allowed the second item for extra work done in shoring and underpinning the adjoining north wall is based upon the statement in the mason's specifications that "the depths of independent foundations on north property are below new cellar floor." There was a conflict of evidence as to what was the fact in this respect. I think this issue should have been submitted to the jury. The plaintiff was entitled to rely upon the representation quoted as to the depth of the foundations on the north property, and to regard any work as extra which was rendered necessary by reason of the fact, if the jury found it to be the fact, that the representation was incorrect. The third item is denominated the "bulkhead claim" by counsel—a bulkhead, in this sense, being "a sort of superstructure or cupola" on the old building. While some of the work included in this item may, perhaps, be regarded as falling within the contract, I think the greater portion of it was outside. Lastly, the item for the temporary smoke pipe seems clearly distinguishable from the flues mentioned in the specifications, and from the underground flue mentioned in the architect's letter in regard to some extra work which he admits having ordered.

To recapitulate, my conclusions with reference to this appeal are as follows:

(1) The work for which the plaintiff seeks to recover in this suit was, for the most part, not covered by the specifications. This conclusion is subject to a possible exception in regard to some of the work included in the third item of his claim, and to the view which the jury may take as to the relative depth of the foundation of the adjoining building, the shallowness of which constitutes the basis of the second item of the plaintiff's claim.

(2) The contract bound the plaintiff to furnish estimates of extra work, and obtain the written consent of the architect therefor.

(3) The architect's agency for the owner was broad enough to authorize him to waive this requirement.

(4) The jury should have been allowed to pass upon the question whether he did waive it or not, together with the other issues of fact indicated in this opinion, as well as the value of the work.

If these conclusions are correct, it follows that there must be a new trial, and I so advise.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., who dissents.