[Civ. No. 1101.    First Appellate District.    November 1, 1912.]

## GLADDING, McBEAN & COMPANY, Respondent, v. A. E. MONTGOMERY, Appellant.

Action on Written Contract to Tile Roof—Parol Evidence.—In an action on a written contract to tile a roof with "No. 2 Mission Tile," which imports red tile of a certain kind and quality, but not indicating any particular shade of red, evidence of a prior or contemporaneous oral agreement that the tile used should be of the same shade of red color as that used in certain other buildings, was clearly inadmissible, as an attempt to vary and modify the terms of a written agreement by parol.

Id.—Written Contract Superseding Prior Negotiations.—The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning

its matter which preceded or accompanied the execution of the instrument, under the terms of section 1625 of the Civil Code. It is held that the parol evidence relied upon clearly contravened the provisions of that section.

ID.—PAROL AGREEMENT AS TO SHADE OF COLOR NOT INDEPENDENT AND COLLATERAL.—Any prior or contemporaneous parol agreement as to the shade of color of the red tile to be used, cannot be sustained as an independent collateral agreement.

ID.—WRITTEN CONTRACT NOT ALTERABLE BY UNEXECUTED ORAL CONTRACT.—A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise. An unperformed oral agreement that, if the tile used in the roof was not satisfactory, the plaintiff would remove it and replace it with tile of the desired color, cannot have the effect to alter the written contract, and it is not enforceable under section 1698 of the Civil Code.

ID.—STIPULATION TO PERFORM TO SATISFACTION OF ONE PARTY.—A stipulation in a contract to perform to the satisfaction of one of the parties only calls for such performance as would be satisfactory to a reasonable person.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Reed, Black & Reed, and Metson, Drew & McKenzie, for Appellant.

H. K. Eells, for Respondent.

HALL, J.—This is an appeal taken in accordance with the method provided by section 953a of the Code of Civil Procedure, from a judgment in favor of plaintiff for the sum of $825, for work and material performed and supplied by plaintiff in the construction of a tile roof for defendant.

The original contract was for the sum of $790, but this amount was increased by extra work by the amount of thirty-five dollars, making the total contract price $825, for which amount judgment was rendered.

The agreement was in writing, executed by defendant and by the plaintiff, under its seal and the signature of its secretary, and called for the construction of a roof of "No. 2 Mission Tile."

The uncontradicted evidence of Oswald Spear, manager of plaintiff, was that "No. 2 Mission Tile" simply meant red tile of a certain kind and quality, but did not indicate any particular shade of red, and that such tile varied in shades of red as the necessary result of its process of manufacture. There is nothing in the written contract calling for tile of any particular shade of red; it is simply described as "No. 2 Mission Tile."

The defense relied on is that there was "a previous or contemporaneous oral agreement that the tile should be of the color of that on certain of the University buildings" at Berkeley, at which place the building of defendant is situate; and that, upon the arrival of the tile, the defendant objected thereto, as not as agreed, whereupon the plaintiff insisted that the tile would look all right, and that if the same should not be satisfactory to defendant when the roof was finished, plaintiff would at once remove the same and replace it with tile of the desired color.

Defendant alleged and claimed that the tile was not satisfactory in that it was not of the desired and agreed color, and accordingly notified plaintiff to remove the same.

The claim of a prior or contemporaneous agreement to the effect that the tile should be of the same color as that used in the buildings of the University of California was clearly an attempt to vary and modify the terms of a written agreement by parol, which is not permitted under the law.

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." (Civ. Code, sec. 1625.) The conversation relied on was one between Mr. Spear, manager for plaintiff, and Mr. Ratcliff, architect for defendant, in which Mr. Ratcliff asked Mr. Spear if his company supplied the tile for the University buildings, and he replied that it did. Mr. Ratcliff then said that that was the color he had in mind for the Montgomery building, but the written agreement subsequently executed made no reference to the tile on the University building. Under the description of "No. 2 Mission Tile" the contract called for red tile of a certain quality and shape. Under this language plaintiff had the right to supply red tile, and was not confined to tile

of any particular shade of red. Any prior or contemporaneous parol agreement as to the shade of red cannot be sustained as an independent collateral agreement. The written contract, in the trade terms of "No. 2 Mission Tile," called for a red tile, and thus dealt with the question of color. The parol evidence relied on clearly contravened the provision of section 1625 of the Civil Code. (*Kullman, Salz & Co.* v. *Sugar Apparatus Mfg. Co.*, 153 Cal. 725, 731, [96 Pac. 369]; *Bradford Investment Co.* v. *Joost*, 117 Cal. 204, [48 Pac. 1083].)

The attempt of the defendant to support the defense of a subsequent unperformed oral agreement was also clearly an attempt to prove an alteration by parol agreement of a written contract. This may not be done.' "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, but not otherwise." (*Harloe* v. *Lambie*, 132 Cal. 134, [64 Pac. 88]; *Platt* v. *Butcher*, 112 Cal. 634, [44 Pac. 1060]; *Henehan* v. *Hart*, 127 Cal. 656, [60 Pac. 426]; *Mackenzie* v. *Hodgkin*, 126 Cal. 591, [77 Am. St. Rep. 209, 59 Pac. 36].)

The effect of the evidence was that plaintiff agreed orally that if defendant was not satisfied with the roof after it was in place, plaintiff would remove the same and replace it with one of the desired color. For this plaintiff was to receive no additional or different consideration than that provided for in the original written contract. Plaintiff complied with the written contract when he supplied a roof of "No. 2 Mission Tile." The testimony of Mr. Spear was that it also stained the tile with oil, and that it had in fact weathered to the color of the tile on the University building, and that plaintiff had in fact complied with the subsequent oral agreement. A stipulation in a contract to perform to the satisfaction of one of the parties only calls for such performance as should be satisfactory to a reasonable person. (*Keeler* v. *Clifford*, 165 Ill. 544, [46 N. E. 248]; *Doll* v. *Noble*, 116 N. Y. 230, [15 Am. St. Rep. 398, 5 L. R. A. 554, 22 N. E. 406]; *Bowery National Bank* v. *Mayor*, 63 N. Y. 336.)

But however that may be, the evidence as to the subsequent parol agreement to the effect that if the first roof was not satisfactory plaintiff would remove it and replace it with one of the desired shade of red, was clearly an attempt to alter

a written contract by a parol agreement in contravention of section 1698 of the Civil Code, which may not be done. (*Harloe* v. *Lambie,* 132 Cal. 134, [64 Pac. 88] ; *Platt* v. *Butcher,* 112 Cal. 634, [44 Pac. 1060] ; *Henehan* v. *Hart,* 127 Cal. 656, [60 Pac. 426] ; *Mackenzie* v. *Hodgkin,* 126 Cal. 592, [77 Am. St. Rep. 209, 59 Pac. 36] ; *Thompson* v. *Gorner,* 104 Cal. 168, [43 Am. St. Rep. 81, 37 Pac. 900].)

It was in no sense a cancellation of the original contract by the substitution of a new contract therefor. No additional compensation was to be paid by defendant. The only effect of the parol agreement was to require plaintiff to furnish a roof of a particular shade of red if the roof first placed in position should not be satisfactory. This was but the alteration of a written contract by an unexecuted parol agreement, and cannot be enforced.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.