(78 Misc. Rep. 174.)

VACUUM CLEANER CO. v. BROADWAY CORTLANDT CO. et al.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

1. CONTRACTS (§ 335*)—ALLEGATIONS OF PERFORMANCE.

A complaint alleged that plaintiff contracted to install a vacuum cleaner plant, and that it should receive final payment on the issuance by the architect of a certificate that the work had been completed to his satisfaction; that the work was completed and the parties agreed to a test which showed that the plant "duly complied with the terms of the contract"; that plaintiff then demanded a certificate from the architect, which was refused, and demanded payment from defendants, who refused because of the absence of the architect's certificate; and the complaint further alleged that since defendants' refusal to make payment they continuously used the plant for the purpose for which it was intended and have accepted it. *Held*, that the allegations showed an unreasonable refusal by the architect to furnish the certificate of completion, so as to excuse its production as a condition precedent to payment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

2. CONTRACTS (§ 335*)—PERFORMANCE—ACCEPTANCE OF WORK—BUILDING CONTRACT.

The complaint sufficiently alleged the acceptance of the plant by defendant, so as to operate as a waiver of issuance of the architect's certificate as a condition precedent to payment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

Appeal from City Court of New York, Trial Term.

Action by the Vacuum Cleaner Company against the Broadway Cortlandt Company and another.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial granted.

See, also, 74 Misc. Rep. 481, 132 N. Y. Supp. 335.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

William F. Clare, of New York City (Frederick A. Gill, of New York City, on the brief), for appellant.

Bowers & Sands, of New York City (George M. Burditt, of New York City, of counsel), for respondents.

BIJUR, J.   The complaint alleges, in substance, that the plaintiff contracted with defendants to install a vacuum cleaner plant in a certain building, and that it should receive final payment upon the issuance by the architect of a certificate that the work had been completed to his satisfaction.   It then alleges that it has completed the work; that thereafter the parties agreed to make a test to ascertain whether the same fulfilled the requirement of the agreement, and such test was made and the plant "duly complied with all the terms of the said contract"; that it then demanded the certificate from the architect, which was refused; that it then demanded payment from the defendants, who refused, stating as their reason the absence of the certificate, and also that the test showed that the plant had not ful-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

filled the requirements of said contract. There is a further allegation that, since defendants' refusal to pay, they have used the plant for the purpose for which it was intended continuously, and have accepted the same.

[1] The allegation of complete performance of the contract, which is clearly made by the pleader, if proved, makes out a case of unreasonable refusal on the part of the architect to furnish the certificate, and therefore excuses its production as a condition precedent to payment. Ross v. City of New York, 85 App. Div. 611, 612, 82 N. Y. Supp. 920; Bowery Savings Bank v. Mayor, 63 N. Y. 336.

[2] Judged by the pleading alone, there seems also to be a sufficient allegation of acceptance of the plant (the character of which is not disclosed by the complaint) to constitute a waiver by defendants of the issuance of the certificate as a prerequisite to payment. See Smith v. Alker, 102 N. Y. 87, 5 N. E. 791; Duell v. McGraw, 86 Hun, 331, 33 N. Y. Supp. 528; Tilden v. Buffalo Office Bldg. Co., 27 App. Div. 510, 50 N. Y. Supp. 511.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.