[Civ. No. 2143. Second Appellate District, Division Two.—July 5, 1919.]

## S. A. BRUNER, etc., Respondent, v. GABOR HEGYI, Appellant.

[1] CONTRACTS — PERFORMANCE TO SATISFACTION OF PROMISEE — REFUSAL TO ACCEPT—GOOD FAITH.—Where a contract requires certain work to be done to the satisfaction of the person contracting for it, and the work is of a kind that involves fancy, taste, sensibility or judgment, and no benefit passes under the contract unless the work be accepted, the promisee's refusal to pay for the work cannot be called in question, provided only that his refusal is in

good faith and not from mere caprice. In cases of that character, the question is not whether the one complaining of the work ought to be satisfied, but solely as to the good faith of the dissatisfaction alleged.

[2] Id.—Performance of Work Going into Building—Retention of Benefits—Measure of Satisfaction.—Where the work contracted for goes into a building, the fruits of the labor of the contractor being retained by the owner, a stipulation in the contract to perform to the satisfaction of the owner calls for only such performance as is satisfactory to a reasonable person. It is sufficient if the contractor completes his work in accordance with the contract in such a manner that the owner, as a reasonable man, ought to be satisfied with it.

[3] Id.—Modification by Parol.—The terms of a written agreement may not be varied or modified by proof of a prior oral agreement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lester T. Price, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Frederick A. Preston for Appellant.

Hollzer & Greenberg, Charles Greenberg, Owen C. Emery and Albert M. Norton for Respondent.

FINLAYSON, P. J.—This is an appeal from a judgment in favor of plaintiff for $810, and interest, for work performed and materials supplied in setting in place the tile work for defendant's residence.

The agreement, which was in writing, executed by defendant and plaintiff, provides that the "work must be satisfactory to the owner."

The court found that the tile furnished by plaintiff was of the best quality, and that the work was done in a good workmanlike manner. It seems, however, that after the tile was set in place and through no defect in the workmanship or material, but probably because, as was intimated by one of the witnesses, the building contracted and expanded, the tile cracked or checked—became what is known to the trade as "crazed." For this reason the work was

3. General rule that parol evidence is not admissible to vary, add to, or alter a written contract, notes, 6 L. R. A. 38; 17 L. R. A. 270.

not performed to defendant's satisfaction. The court
found, however, that it is the nature of all tile to craze;
that the crazing of the tile on this job was not caused by
any defects in the material or by any fault in workman-
ship; and that, though the work was not performed to
defendant's satisfaction, it nevertheless was performed
"reasonably satisfactorily," and was "a satisfactory piece
of work."

Each of the court's findings is supported by evidence
amply sufficient for the purpose.

[1] There are cases that hold that where the contract
requires the work to be done to the satisfaction of the person
contracting for it, and the work is of a kind that involves
fancy, taste, sensibility, or judgment, and no benefit passes
under the contract unless the work be accepted, as where,
for illustration, a portrait is to be painted, the promisee's
refusal to pay for the work cannot be called in question,
provided only that his refusal is in good faith and not
from mere caprice. In cases of that character, the ques-
tion is not whether the one complaining of the work ought
to be satisfied, but solely as to the good faith of the dis-
satisfaction alleged. [2] Where, however, as in this case,
the work contracted for goes into a building, the fruits
of the labor of the contractor being retained by the owner,
the rule is that a stipulation in the contract to perform to
the satisfaction of the owner calls for only such perform-
ance as is satisfactory to a reasonable person. It is suffi-
cient if the contractor completes his work in accordance
with the contract in such a manner that the owner, as a
reasonable man, ought to be satisfied with it. (*Gladding
etc. Co.* v. *Montgomery,* 20 Cal. App. 276, 279, [128 Pac.
790]; *Bryan Elevator Co.* v. *Law,* 31 Cal. App. 204, [160
Pac. 170]; *Erickson* v. *Ward,* 266 Ill. 259, [Ann. Cas.
1916B, 497, 107 N. E. 593]; *Doll* v. *Noble,* 116 N. Y. 230,
[15 Am. St. Rep. 398, 5 L. R. A. 554, 22 N. E. 406];
*Handy* v. *Bliss,* 204 Mass. 513, [134 Am. St. Rep. 673, 90
N. E. 864].)

[3] The claim of a prior oral agreement that the tile
should be according to sample furnished by plaintiff was
clearly an attempt to vary and modify by parol the terms
of a written contract. This, of course, is not permissible.
(*Gladding etc. Co.* v. *Montgomery, supra.*) Moreover, the

court found that the tile furnished by plaintiff actually was according to the sample furnished.

We find no error in the record, and think the judgment should be affirmed. It is so ordered.

Sloane, J., and Thomas, J., concurred.