ROWE et al., Appellants, *v.* EMERSON–BRANTINGHAM IMPLEMENT CO., Respondent.

(No. 4,446.)

(Submitted September 19, 1921. Decided October 10, 1921.)

[201 Pac. 316.]

*Contracts — Sales — Warranties—Breach—Varying by Parol— Cancellation of Instruments—Prerequisites.*

Sales—Written Contracts—Warranties—Varying by Parol—Evidence—Inadmissibility.

1. In an action for damages for breach of a clause of a written contract of sale of a threshing-machine warranting it as being as well made, of good material, and that with proper use and management it would do as good work as any other machine of the same size manufactured for the like purpose, evidence of statements made by defendant's agent in making the sale that it would thresh and clean alfalfa as well as any other machine of the same size, *etc.*, was properly rejected as an attempt to vary the terms of the written instrument by parol.

Same—Warranties—Breach—Failure of Notice of Defects—Effect on Right to Recover.

2. Failure of a buyer of a threshing-machine to meet the requirement of the contract making it incumbent upon him, if dissatisfied,

---

1. Parol evidence to show warranty outside of the contract of sale, see note in 5 **Am. St. Rep.** 197.

2. Necessity that abandonment or rescission of written contract for sale of goods be in writing, see note in **Ann. Cas.** 1918C, 1213.

to give written notice to the seller within a certain time or return the machine to the place at which he took it into his possession, bars him from recovering for breach of warranty.

Cancellation of Instruments—Prerequisites—Pleading and Proof.

3. In an action for the cancellation of notes given for the purchase of farm machinery, absence of allegation and proof that plaintiff had restored everything of value he had received from defendant debars him from recovery.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

ACTION by Wearn Rowe and others against the Emerson-Brantingham Implement Company. Judgment for defendant, and from an order refusing a new trial, plaintiffs appeal. Affirmed.

*Mr. H: S. McGinley,* for Appellants, submitted a brief.

This case presents but one question, and that is: When a written contract is obtained from a buyer by a seller of a manufactured article, which article may contain latent defects, and such article is sold by contract, without the buyer having an opportunity to examine the same, and purchases the same for some special purpose, and is induced to enter into such written contract by oral statements and representations made by the seller or his agents, that the article about to be sold will do and perform the special work for which it is desired, can evidence of such oral statements and representations and inducements, so made by the seller or agent, to the buyer, thereby inducing him to enter into such contract, be introduced where such written contract is silent as to the special purposes for which the article was bought? In the case of *Snyder* v. *Holt Mfg. Co.,* 134 Cal. 324, 66 Pac. 311, 312, the supreme court of California answered the question in the affirmative. And in the case of *Lichtenthaler* v. *Samson Iron Works,* 32 Cal. App. 220, 162 Pac. 441, the same court held that the terms of section 1770 of their Civil Code (sec. 5110, Rev. Codes), is to be read

into the contract, where representations were made that such property would do and perform certain work, and where such property was purchased for such special purposes, thus confirming their previous decision in *Snyder* v. *Holt Mfg. Co., supra.* (See, also, *Imperial Gas Engine Co.* v. *Auteri,* 40 Cal. App. 419, 180 Pac. 946.)

*Messrs. McKenzie & McKenzie,* for Respondent, submitted a brief; *Mr. John R. McKenzie, Jr.,* argued the cause orally.

Citing: *J. I. Case Threshing Machine Co.* v. *Copren Bros.,* 32 Cal. App. 194, 162 Pac. 647, 648; *Best Mfg. Co.* v. *Hutton,* 49 Mont. 78, 141 Pac. 653; *Murphy* v. *Russell & Co.,* 8 Idaho, 133, 67 Pac. 421; *Berlin Machine Works* v. *Midland Coal & L. Co.,* 45 Mont. 390, 123 Pac. 396.

MR. JUSTICE COOPER delivered the opinion of the court.

This action was brought to recover damages for a breach of warranty of the quality and fitness of a threshing-machine of a specified make, and to cancel the notes given for its purchase price. The original written order was executed September 6, 1915, and contained the usual provisions intended to safeguard the interests of the seller. The answer admits the sale, but denies the breach. It also sets forth a counterclaim in which it is alleged that the notes sought to be canceled were executed and delivered to evidence the purchase price of the machine, and that the mortgage thereon was given as security for the notes. A decree foreclosing the mortgage is also asked.

Appellants' counsel limits the inquiry to the single question [1] of the admissibility of oral representations, not embodied in the ultimate written contract, warranting the capacity of a thresher of a specified make to thresh and clean alfalfa. The warranty set forth in the contract was that the thresher was "well made, of good material, and with proper use and management" would "do as good work as any other machine of the same size, manufactured for a like purpose."

The trial court, upon objection, excluded all evidence touching the prior statements and representations of the local agent in making the sale, and denied the plaintiffs' offer to prove the following facts: That the plaintiffs had no previous experience with a machine of the character in question; that their attention was not called to any portion of the written contract, except those designating the machinery and attachments purchased; that they had no opportunity to examine the machinery before its receipt, and that, while it was being operated by one of defendant's experts, one of the screens was blown to pieces owing to defects in its manufacture; that prior to the threshing season of 1916 the plaintiffs notified the defendant, through its local agent, of that fact; that defendant agreed at divers times to replace the defective parts and to put the thresher in running order so that it would thresh and clean alfalfa seed; but that up to the time of the commencement of the action, defendant having failed to live up to its agreement, plaintiffs notified it that they would consider the contract at an end by reason of the breach of warranties, and that they (the plaintiffs) have since that time *held the machine* "subject to instructions from the defendant as to where to ship and deliver the same." Thereupon the plaintiffs rested. The court adjudged the aggregate amount of the notes to be due and owing from plaintiffs, and rendered and entered judgment foreclosing the mortgage given as security therefor. This appeal is from an order refusing plaintiffs a new trial.

One of the grounds upon which plaintiffs seek to evade payment of the notes is that they were not given an opportunity to examine the machine before its delivery, and that the breaking of·one of the screens proved a violation of the provisions of sections 5109, 5110 and 5111 of the Revised Codes, to the effect that a seller of an article of his own manufacture warrants it to be free from latent defects; that improper materials have not knowingly been used in its manufacture; that it is reasonably fit

for the purpose for which it was sold, and that its inaccessibility to the buyer carries a warranty that it is sound and merchantable. It is true that these provisions enter into and become a part of the contract; nevertheless they are to be construed in connection with the express stipulations of the agreement. If defects in the machinery are later discovered, the contract specifies the things which shall be done by the buyer in order to afford the seller an opportunity to repair the breaks or supply the missing parts. They are as follows: "It is also agreed and understood that no agent or employee of said company (officers of the company not included) is authorized to alter, change, modify, or waive this warranty, or any part thereof, or to make any other or different warranty, or that any notice to any agent or employee of said company, or any act at any time, of any agent or employee, shall not constitute a waiver of the written notices herein provided for, nor a waiver of any other stipulation in this warranty. Workmen, salesmen, and mechanical experts employed by said company in and about starting, adjusting, and repairing said machinery are not agents of said company, and it is hereby mutually agreed that said company is not bound by any statements, promises, or declarations made by them or any of them in reference to said machinery. * * * It is hereby expressly agreed that all claims for damages against said company, by reason of the nonperformance of machinery above, are hereby waived." It is also provided that failure to give the written notice of defects within six days from date of its first use or to return the machinery to the place whence it was received within the same period "shall be conclusive evidence of the fulfillment of the warranty, and full satisfaction of the purchaser, who agrees to make no claim thereafter against said company, or to make any defense to the notes given therefor on account of any breach of the warranty."

If in the warranty that the machinery ordered is "to be well made, of good material, and with proper use and management

to do as good work as any other machine of the same size manufactured for a like purpose" was comprehended a warranty that the thresher to be furnished would thresh and clean alfalfa as well "as any other machine of the same size manufactured for a like purpose," the written contract was complete and must be taken as a full expression of the agreement between the parties. This is so because therefrom it will be presumed that every material item and term has been placed therein. In such case parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed. The rule forbids addition by parol where the writing is silent, as well as to vary where it speaks. (2 Phillipps' Evidence (Cow. & H. Notes), 669; *Naumberg* v. *Young,* 44 N. J. L. 331, 43 Am. Rep. 380; *Hei* v. *Heller,* 53 Wis. 415, 10 N. W. 620; *Thompson* v. *Libby,* 34 Minn. 374, 26 N. W. 1; *Armington* v. *Stelle,* 27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 115; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873; *Arnold* v. *Fraser,* 43 Mont. 540, 117 Pac. 1064; Rev. Codes, secs. 5018, 7873.)

The law controlling a written contract becomes a part of it, and cannot be varied by parol any more than what is written. (2 Phillipps' Evidence (Cow. & H. Notes), 668; *Thompson* v. *Libby, supra.*) Our Code sections above referred to merely declare the common-law rule in definite and crystallized form. In *Armington* v. *Stelle, supra,* a case wherein it was sought by a contemporaneous oral agreement to include a mining claim not specified in the written lease of other claims, the following statement from *Naumberg* v. *Young, supra,* is adopted: "Where the written contract purports on its face to be a memorial of the transaction, it supersedes all prior negotiations and agreements, and * * * oral testimony will not be admitted of prior or contemporaneous promises on a subject which is so closely connected with the principal transaction,

with respect to which the parties are contracting, as to be part and parcel of the transaction itself, without the adjustment of which the parties cannot be considered as having finished their negotiations and finally concluded a contract.''

In *Kelly* v. *Ellis, supra,* the question involved was whether an oral promise said to have been made by one of the defendants that the plaintiff should be the general manager of the sheep ranch in question was one of the essential elements of the contract as finally written. In reaching a conclusion that the oral promise was collateral to the principal agreement Mr. Justice Holloway, expressing the opinion of this court, very aptly remarked: "Unfortunately for plaintiff, he consented to the writing of April 17, which completely superseded the prior oral negotiations, including the promise to employ him, and the statutes of this state now forbid him to say that there ever was any oral promise for his employment.''

There is no allegation in the complaint that the plaintiffs did not understand the contract as written, nor that its contents were misrepresented; their whole claim being that the local agent of the defendant said certain things concerning the capacity of the machine before the agreement was signed. Upon this statement plaintiffs predicate their claim that defendant committed a breach of its warranty. The final written agreement "must be considered, therefore, as containing all the terms of their contract which had been agreed upon at the time the written contract was executed." (*Arnold* v. *Fraser, supra.*)

The contention that, because "the written contract is silent as to the special purpose for which the machine was bought," the parol understanding between the local agent and the plaintiffs can be read into it, is likewise without merit. In *Seitz* v. *Brewers' Refrigerator Co.,* 141 U. S. 517, 35 L. Ed. 837, 12 Sup. Ct. Rep. 48 [see, also, Rose's U. S. Notes], cited in the case of *Armington* v. *Stelle, supra,* it is said: "Whether the written contract fully expressed the terms of the agreement

was a question for the court, and since it was in this instance complete and perfect on its face, without ambiguity, and embracing the whole subject matter, it obviously could not be determined to be less comprehensive than it was. And this conclusion is unaffected by the fact that it did not allude to the capacity of the particular machine. To hold that mere silence opened the door to parol evidence in that regard would be to beg the whole question.''

The rule invoked is that, where a manufacturer contracts to supply an article which he manufactures, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment of the manufacturer, the law implies a promise or undertaking on his part that the article so manufactured and sold by him for a specific purpose, and to be used in a particular way, is reasonably fit and proper for the purpose for which he professes to make it, and for which it is known to be required; but it is also the rule, as expressed in the text-books and sustained by authority, that where a known, described, and definite article is ordered of a manufacturer, although it is stated by the purchaser to be required for a particular purpose, still, if the known, described, and definite thing be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer. (Benjamin on Sales, sec. 657; Addison on Contracts, Bk. 2, Chap. 7, p. 977; *Chanter v. Hopkins,* 4 Mees. & W. 399; *Ollivant* v. *Bayley,* 5 Q. B. 288; *District of Columbia* v. *Clephane,* 110 U. S. 212 [28 L. Ed. 122, 3 Sup. Ct. Rep. 568]; *Kellogg Bridge Co.* v. *Hamilton,* 110 U. S. 108 [28 L. Ed. 86, 3 Sup. Ct. Rep. 537 (see, also, Rose's U. S. Notes)]; *Hoe* v. *Sanborn,* 21 N. Y. 552 [78 Am. Dec. 163]; *Deming* v. *Foster,* 42 N. H. 165.) See, also, *Gladding, McBean & Co.* v. *Montgomery,* 20 Cal. App. 276, 128 Pac. 790; *Bruner* v. *Hegye,* 42 Cal. App. 97, 183 Pac. 369. This is in accord with our Code sections upon the subject above referred to.

To allow a claim of this sort to be maintained where the parties have put their engagements in writing, would be to treat the agent's oral statements as warranties, and to completely ignore the rule that parol agreements leading up to the written contract are merged in it.

The right of the parties to make retention of the property [2] by the purchaser conclusive evidence that the warranty has been fulfilled to the satisfaction of the purchaser was upheld and declared to be "automatic and conclusive" by this court in *Best Mfg. Co.* v. *Hutton*, 49 Mont. 78, 141 Pac. 653. Having been freely made, without deceit or fraudulent representation, and plaintiffs having neither alleged nor attempted to prove compliance with its express requirements relative to notice and return of the machinery or its defective parts to the place at which they took it into their possession, the contract must be enforced as it is written.

The gravamen of the charge is that, because the defendant [3] failed to maintain the warranties set forth in the written instrument, plaintiffs are not liable on the notes in question. The prayer of the complaint is for damages on account of the breach and cancellation of the notes, the mortgage, and the contract upon which they are based. Having failed to establish a breach of warranty, as well as to allege and prove restoration of everything they have received under their agreement (Rev. Codes, sec. 5065; *Como Orchard Co.* v. *Markham*, 54 Mont. 438, 171 Pac. 274; 18 Ency. Pl. & Pr. 829), plaintiffs are not entitled to relief upon either ground.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.