[Civ. No. 7357. First Appellate District, Division Two.—April 10, 1931.]

J. J. BRENNER, Appellant, v. REDLICK FURNITURE COMPANY (a Corporation), Respondent.

Arthur Joel and Russell P. Tyler for Appellant.

Glickman & Glickman for Respondent.

SPENCE, J.—Plaintiff brought an action on contract to recover an alleged balance due of $700. Upon trial by the court sitting without a jury, judgment was entered in favor of plaintiff for the sum of $50, from which judgment plaintiff appeals.

The contract was evidenced by a proposition contained in a letter written by plaintiff to defendant dated October 1, 1926, which proposition was accepted by defendant by indorsement of said letter. Plaintiff thereby agreed to furnish "thirty fence signs of various sizes in and around Oakland, Alameda and neighboring sections" at an annual

price of $40 each, or a total sum of $1200 per annum payable in installments of $100 per month. The following clause is found in the letter: "The period of time over which this deal extends is to cover three years from date providing locations and painting work is satisfactory to yourselves." This letter and supplemental letters dealt with contingencies such as signs being destroyed and fences being pulled down. Considerable dissatisfaction and controversy arose during the first year covered by the contract. Defendant made various complaints, including complaints of signs being painted out by others, of signs being placed in front of theirs by other sign companies, of boards being tacked across their signs and of high brush and tall grass being permitted to obstruct the view. In July, 1927, defendant wrote to plaintiff stating that the conditions were not satisfactory and further said, "With reference to a continuation of this situation, we are not willing to consider any locations unless we know by personal contact with the owner that they are willing to have the sign remain during the period of time which we are paying for it. In our understanding dated October 1, 1926, it was expressly provided that both locations and paint were to be satisfactory to ourselves so you can easily understand that unless we can agree upon some basis that clearly defines what we mean by satisfactory locations, it would be quite a difficult problem for us to see our way clear to continue this class of work . . . " Despite the dissatisfaction, defendant made payments amounting to $1200 to cover the first year. Accompanying their remittance in August, 1927, defendant again wrote a letter stating in part, "Following our communication of July 28, I can only repeat what has been said before that the present situation in respect to painting and locations is not at all satisfactory to us." Plaintiff testified that he was advised at about the end of the first year that only fifteen of the signs were in satisfactory locations and that defendant was not satisfied with the other locations. The evidence is conflicting as to whether any other locations were ever approved by defendant. Further payments were made totaling $700 and plaintiff sought by his action to recover an additional $700, claiming $500 as the balance due for the second year, and $200 for the first two months of the third year.

In his complaint plaintiff did not set forth the contract *in haec verba*. In alleging its terms, the "satisfaction clause" was omitted. In its answer defendant set forth the provisions of said clause and alleged that from and after November 1, 1927, fifteen of the signs were unsatisfactory to defendant. The answer further conceded liability for the full number of signs up to November 1, 1927, but denied liability for any signs other than the fifteen satisfactory signs for the remaining thirteen months covered by the complaint. The trial court by its findings sustained the contentions of defendant and rendered judgment in favor of plaintiff for the sum of $50 only, being the balance due for the fifteen satisfactory signs.

On this appeal appellant urged in his opening brief that the judgment be reversed solely on the ground that the findings were not supported by the evidence, claiming that the testimony showed that a full number of satisfactory signs were maintained during the entire period covered by the complaint. From the statement above set forth, it is apparent that there is ample testimony to show that after November 1, 1927, there were only fifteen signs which were satisfactory to respondent and that the remaining signs were unsatisfactory to respondent. The conflict in the evidence relating to whether any other signs were thereafter approved by respondent was resolved by the trial court in favor of respondent. The findings in this regard were amply supported by the evidence.

Upon oral argument counsel for appellant further pointed out that contracts under which a party agrees to perform to the satisfaction of another fall into two classes: First, where fancy, taste or judgment is involved (*Tiffany* v. *Pacific Sewer Pipe Co.*, 180 Cal. 700 [6 A. L. R. 1493, 182 Pac. 428]); second, where the question is merely one of operative fitness or mechanical utility. (*Thomas Haverty Co.* v. *Jones*, 185 Cal. 285 [197 Pac. 105]; *Bruner* v. *Hegyi*, 42 Cal. App. 97 [183 Pac. 369].) It is contended by appellant that the present case falls within the second class, in which dissatisfaction is no defense where the other party performs in a reasonably satisfactory manner or, in other words, in a manner which would be satisfactory to a reasonable man. A review of the authorities leads us to the conclusion that this case falls within the first class above men-

tioned and that it was a sufficient defense in the absence of bad faith to show that respondent was in fact dissatisfied. No suggestion of bad faith has been made. We are further of the opinion that even assuming the rule adopted in the second class of cases to be applicable here, appellant would not be entitled to recover the full amount as there was neither allegation nor proof that the remaining signs were reasonably satisfactory or would be satisfactory to a reasonable man.

One further observation should be made. It was alleged in the answer that fifteen of the signs were unsatisfactory. The vice-president and general manager of respondent testified on the trial that sixteen signs were satisfactory. Both on the trial and on this appeal respondent has admitted liability to that extent and now consents to a modification of the judgment to include the additional sum of $43.34, being the amount admitted to be due for this additional sign for the period of thirteen months. Such modification should be made, but as appellant has insisted that he is entitled to all or nothing, we believe it proper that respondent should recover its costs.

The judgment is therefore modified by increasing the sum awarded to plaintiff from $50 to $93.34 and as so modified the judgment is affirmed. It is further ordered that respondent recover its costs on appeal.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1931.