[Civ. No. 8713. First Appellate District, Division One.—July 8, 1933.]

SCOTT CO. INC. (a Corporation), Respondent, v. EDWARD ROLKIN, Appellant.

210

J. F. Riley for Appellant.

Jefferson E. Peyser for Respondent.

THE COURT.—This action is upon a contract for the installation of a boiler and automatic oil burner, with the necessary connections and equipment, in an apartment

building owned by defendant Rolkin and occupied by defenddant Getchell as lessee. Judgment was rendered in favor of plaintiff and from this judgment defendant Rolkin appeals.

■ Appellant, desiring to renovate the heating plant contained in said building, entered into negotiations with respondent to perform said work. On October 7, 1929, respondent submitted to Rolkin, in writing, an offer to do the work for a specified sum. This offer in substance provided that respondent agreed, for the sum of $2,181, to install a new American Radiator Co.'s cast-iron sectional steam boiler with smoke and water connections, one Johnson automatic burner with all connections, one 1500-gallon oil storage tank with all pipe connections, one steel stack outside of building, fire-proof boiler-room; also to construct a pit in the boiler-room floor and to do the necessary excavating, backfilling and concrete work in connection with the installation of the oil tank and its piping. On October 17, 1929, and before the work commenced, appellant and Getchell entered into an agreement in writing with each other which provided that Getchell would pay to respondent $681 for the work before its commencement, and that Rolkin should pay the remaining $1500 upon the completion of the installation to the satisfaction of Getchel, and after its acceptance by the fire department of San Francisco. This agreement was delivered to respondent before the work commenced. Appellant contends that this agreement formed a part of the contract for the installation; that it was received and retained by respondent, without objection, before the work commenced. This contention is supported by the fact that on October 25, 1929, Getchell paid $500 on the contract price with his personal check, and by the further fact that after the work was completed respondent mailed to Rolkin the following statement:

"Mr. Edward Rolkins,

"44 Fourth Street, City.

"Heating system installed complete in Ruthland Apartments at 691 O'Farrell Street as per agreement $2,181.00 Payment due as per agreement between Mr. Fred W. Getchell and Edward Rolkins $1,500.00."

We are of the opinion that the offer of respondent to perform the work of installing the said heating system was

accepted by appellant and Getchell, but that this acceptance was with the conditions set forth in their said agreement which was delivered to respondent before the work was commenced, and received by it without objection.

■ Where a proposal in writing is made and accepted it is permissible to show that it was accepted with conditions or qualifications, or that accompanying the acceptance and in reality forming a part of it, terms in addition to those set forth in the proposal were exacted by the acceptor. (*Lawrence* v. *Premier Indem. Assur. Co.*, 180 Cal. 688-699 [182 Pac. 431].)

■ The next contention of appellant is that the installation of the heating plant was not performed to the satisfaction of Getchell, nor placed in first-class running order. The evidence is that after the completion of the work it was approved and accepted by the San Francisco fire department. There is also ample evidence to the effect that the said work was completed in full compliance with the said offer of respondent. The trial court found that the work had been fully completed by respondent in a satisfactory manner, and while there is some conflict in the evidence upon this point it is well settled that this court is bound by the findings of the trial court when there is some evidence to support such findings. (2 Cal. Jur. 921, and authorities cited.) A stipulation in a contract to perform to the satisfaction of the parties calls merely for such performance as should be satisfactory to a reasonable person. (*Gladding, McBean & Co.* v. *Montgomery,* 20 Cal. App. 276 [128 Pac. 790]; *Thomas Haverty Co.* v. *Jones,* 185 Cal. 285 [197 Pac. 105]; *Bryan Elevator Co.* v. *Law,* 31 Cal. App. 204 [160 Pac. 170].)

■ It was provided in the offer made by respondent that the drip line piping and the air valves were in poor condition and that they should be removed and new air valves installed on each radiator; this to be done at an added cost of $53. It appears that this additional work was done by respondent and accepted by appellant without objection. The judgment is therefore modified by making appellant's liability thereunder the sum of $1553, and as so modified the judgment is affirmed, respondent to recover costs of this appeal.