## WYOMING NATIONAL BANK v. BROWN ET AL.

INTEREST — JUDGMENTS, INTEREST UPON — CONSTITUTIONAL LAW.

1. Where there is either an express or implied contract to pay interest until the principal sum shall be paid, interest at the agreed rate, or in the absence of an agreed rate, at the rate prescribed by law at the date of the contract, will be the rate recoverable until payment of the principal, or until the contract is merged in a judgment.

2. When the creditor, upon a breach of the contract, elects to merge it in a judgment, interest as agreed upon by the parties ceases, and the judgment will bear such interest as is prescribed by statute.

3. Where the statute provides that the judgment shall bear the same rate as the contract bore, the rate upon the judgment is, in such case, nevertheless, the one fixed by statute, and it does not become the judgment rate by agreement of the parties.

4. By such change in the interest rate upon the merger of the contract in a judgment no right of either party to the contract is impaired or encroached upon.

5. The interest upon judgments allowed by statute is not interest in the strict sense, but a fixed measure of damages for delay in payment.

6. A judgment is not a contract in the recognized legal sense.

7. Judgments, not bearing interest at common law, the creditor may, if left to his common law remedy, recover such damages as he can prove have accrued to him by being deprived of the use of his money, or if regulated by statute,

such sum or rate as the statute has fixed as the value of the use of the money during the time he has been unreasonably deprived of the use of it.

8. An act of the Legislature reducing the rate of interest which judgments shall bear, passed after the rendition of the judgment, is a conclusive determination by the Legislature that the damages accruing to the judgment creditor by delay in payment, are measured by a lower rate of interest during the period subsequent to the taking effect of the act, than from the rendition of the judgment up to that time, and no rights of the creditor, who is for the period after the passage of the act required to accept a reduced rate of interest upon his judgment, are destroyed or interfered with by legislation.

9. The obligation of a judgment debtor under the statute· to pay interest being simply that which the law imposes, the obligation is discharged by paying what the law exacts.

10. Where a judgment was entered June 12, 1893, upon a promissory note dated July 27, 1892, bearing interest at one per cent per month from date until paid; held, that interest upon the judgment should be computed at the rate of twelve per cent per annum up to February 11, 1895, that being the statutory rate up to that time, and at eight per cent per annum thereafter, that being the rate of interest upon judgments provided by the act of that date.

[Decided June 8, 1898.]

RESERVED questions from the District Court for Albany County. HON. J. H. HAYFORD, Judge.

The defendants on July 27, 1892, executed their note to the plaintiff bearing interest from date until paid, at the rate of twelve per cent per annum. June 12, 1893, plaintiff obtained a judgment on the note against the defendants. When the judgment was rendered, interest upon judgments was governed by Section 1312, Revised Statutes, which provided that "interest on all judgments and decrees for the payment of money shall be at the rate of twelve per cent per annum from the date of the rendition thereof until satisfied." Subsequently on the 11th day of February, 1895, the Legislature unconditionally repealed Section 1312, and enacted a new interest law providing that "interest on all decrees and judgments for the payment of money shall be, from the date of the

rendition thereof, at the rate of eight per cent per annum until the same shall be paid." The defendants paid the judgment and interest at twelve per cent up to February 11, 1895, and at eight per cent thereafter, claiming that by the act of 1895 the rate of interest upon the judgment was changed from twelve to eight per cent from the time the new act went into effect. On December 31, 1896, the plaintiff had execution issued for the difference, and the defendants moved to quash the writ upon the ground that the judgment was fully paid.

The court reserved the following question:

"In computing interest upon the judgment entered in this case, June 12, 1893, upon a cause of action founded upon a promissory note, dated July 27, 1892, and bearing interest by the terms of said note at the rate of one per cent per month from date until paid, should the interest be calculated at the rate of twelve per cent, or at the rate of eight per cent per annum after February 11, 1895?"

*N. E. Corthell*, for plaintiff.

The act of 1895 can not be literally applied to this case, for, if it could, the reduced rate would run from the "date of the rendition of the judgment." It should not, however, be applied at all. Retrospective laws are not regarded with favor. Statutes, not remedial, will not be construed to operate retrospectively, even when they are not obnoxious to any constitutional objection, unless the intent that they shall do so plainly appears. (Suth. on Stat. Const., 463, 464; U. S. v. Heth, 7 U. S., 398; Lee v. Cook, 1 Wyo., 413; Lang v. Clapp, 2 N. E., 197; Duval v. Malone, 14 Gratt., 24; Murdock v. Ins. Co., 10 S. E., 777.) In the following cases it was held that interest statutes do not apply to claims originating prior thereto, nor to judgments previously rendered: (Bryan v. Moore, Minor (Ala.), 377; Imlay v. Carpentier, 14 Cal., 172; Thresher v. Atchison (Cal.), 48 Pac., 1020; Mayor, etc., v. Trustees, etc., 7 Ga., 204;

Sharpe v. Morgan, 44 Ill. App., 346; Troxell v. Fugate, Hardin (Ky.), 2; Saunders, 12 La. Ann., 793; Regents v. Atty. Genl., 66 N. W., 956 (Mich.); Easton v. Van Dorn, Walker (Miss.), 214; Corley v. McKeag, 57 Mo. App., 415; Cox v. Marlatt, 36 N. J. L., 389; Bailey v. Mayor, 7 Hill, 146; Besser v. Hawthorne, 3 Ore., 129; Goggans v. Tumispeed, 1 Rich. N. S., 80; Hannern v. Bank, 1 Cold., 398; Landa v. Obert (Tex.), 25 S. W., 342; Ry. Co. v. Palton, 35 id., 477; State v. Bowen (Wash.), 39 Pac., 684; Murdock v. Ins. Co., 10 S. E., 777 (W. Va.); Spencer v. Maxfield, 16 Wis., 178; State v. Guenther, 58 N. W., 1105 (Wis.).) The following were also cited: '(5 Bacon's Abr., 407; Kent v. Kent, 28 Gratt, 840; Lee v. Davis, 1 A. K. Marsh, 397; 5 Fla., 345; 66 Fed., 607; 26 Atl., 925; 29 Pac., 460; 26 id., 475; 149 U. S., 237; 33 Pac., 369; 43 Ala., 224; 104 U. S., 668; 1 Wyo., 232; 38 N. E., 331.) The plaintiff is entitled, by the general concensus of authority, to interest at the rate established by the contract of the parties, and by the law in force when the judgment was obtained; and the act of 1895 has no application to this class of cases.

*C. P. Arnold*, for defendant, Ora Haley.

Interest is a mere incident of debt, and the rules which govern it are fixed by the nature of the principal. The difficulty, in this case, lies not so much in determining which of two conflicting theories has the better reason or weight, as it does in assigning the controversy to its proper classification. Statutes may be, (*a*) exclusively retroactive, in which case they are exceptional, and require special grounds of justification; or (*b*) they may be prospective merely, and thus regulate rights and remedies for the future only; or (*c*) they may be both prospective and retrospective, in which case they are impartially applied unless some provision of the fundamental law is violated. To what class does the act of 1895 belong? It does not fall within the first class,— defendant paid interest at

the old rate up to its enactment. It does not fall within the third class,—defendant did not and does not attempt to apply its provisions to a period antedating its enactment. It must be assigned to the second class. Its perview is prospective merely. It is not contended that it took from plaintiff his right to interest already accrued; but it looks forward and regulates the future rate. After judgment the contract is merged in the judgment, and thereafter the law fixes the interest, and not the parties. (2 Black on Judg., 982; Bank v. Kelley, 14 O. St., 367; R. S. Wyo., Sec. 1312.) A judgment is not a contract, not even one founded upon a contract. (Wyman v. Mitchell, 1 Con., 316; Morley v. R. R., 146 U. S., 162; 50 N. Y., 176; 105 U. S., 285.) Interest allowed for the non-payment of judgments is in the nature of statutory damages. (Jersey City v. O'Callaghan, 41 N. J. L., 348; 146 U. S., 162.) At common law judgments bore no interest. (Thompson v. Morrow, 2 Cal., 99.) Where interest is allowed only as damages the rule is that established by statute, and if the statutory rate is changed after the right of action accrues, interest is recovered at the old rate until the change, then at the new rate. (1 Sedg. on Damages, Sec. 339; 1 Suth. on Damages, Sec. 368.) The rate of interest upon the judgment, therefore, must conform to the change in the law. The general "consensus of authority" is not at variance with this view. (White v. Lyons, 42 Cal., 284; Randolph v. Bayne, 44 Cal., 366; Cummins v. Howard, 63 id., 503; Cox v. Marlatt, 36 N. J. L., 389; Woodward v. Woodward, 28 N. J. Eq., 119 (this case repudiates the dictum in Cox v. Marlatt) ; Wilson v. Cobb, 31 N. J. Eq., 92; 41 N. J. L., 349; State v. Olney, 3 Ore., 88; 8 Wash., 497; Worsham v. Vignal, 5 Tex. Civ. App., 471; Ellis v. Barlow, 26 S. W., 908; Ry. Co. v. Humphres, 23 id., 556; Ry. Co. v. Grey, 24 id., 921; Ry. Co. v. Cross, 23 id., 529; State v. Guenther, 87 Wis., 675; 90 N. Y., 644; 94 id., 641; 95 id., 641; 96 id., 667; 146 U. S., 162.) In an examination of the decisions from some

States, Texas, Kansas, and Missouri, it should be observed that the statutes provide that judgments bear the same interest as the instrument or cause of action on which it is founded. · See also upon the proposition that a contract is merged in the judgment obtained thereon: 32 Me., 418; 1 Spear Eq., 215; 7 Ill., 355; 10 Gill & J., 226; 11 id., 15; 3 East, 251; 1 Hill, 482; 17 Barb., 644; 21 Wend., 341; 18 N. Y., 468; 85 id., 502; 96 U. S., 61.

CORN, JUSTICE.

(After stating the case as above) In reason, and by the very great preponderance of authority, where there is either an express or implied contract to pay interest until the principal sum shall be paid, interest at the agreed rate, or, in the absence of an agreed rate, at the rate prescribed by law at the date of the contract, will be the rate recoverable until payment of the principal, or until the contract is merged in a judgment. State v. Guenther, 87 Wis., 673; O'Brien v. Young 95 N. Y., 429; Morley v. Lake Shore R. Wy. Co., 146 U. S., 163.

It is also well settled that when the creditor, upon a breach of the contract, elects to merge it in a judgment, interest as agreed upon by the parties ceases, and the judgment will bear such interest as is prescribed by statute. There is no difference whatever in principle where the statute provides that the judgment shall bear the same rate as the contract bore, for it is equally true in such cases that the rate which the judgment bears is the one fixed by statute, and it does not become the judgment rate by agreement of the parties. And it has never been seriously contended that by such change in the interest rate upon the contract being merged in a judgment, any right of either party to the contract is impaired or encroached upon. At common law judgments bore no interest, though compensation by way of damages might be recovered for unreasonable delay in payment. Indeed, the interest upon judgments allowed by statute is not interest

in the strict sense, but a fixed measure of damages for such delay. It stands in the place of proof of the damages accruing to a judgment creditor by failure of the judgment debtor to pay when it was his duty to do so, and such damages would be the value of the use of the money, or the rate required to obtain it, during the time of the debtor's failure to pay. This being true, it would follow that the absolutely just rule or measure of damages would be the average rate of interest in the market from the rendition of the judgment to the time of payment.

Upon the propositions so far stated we think there can be no serious controversy. But it is contended that the judgment is a contract, of which the rate of interest fixed by statute at the time it is rendered is a part, and that the terms of such contract can not be subsequently changed or modified by statute. And if a judgment is a contract in the sense of the term as used in our constitutions and statutes, there is apparently no escape from this conclusion. It has been stated by many judges and text-writers that a judgment is a contract, but we think this is true only, as stated in an Alabama case, in "a very recondite and remote sense of the term." Keith v. Estill, 9 Porter, 669. In this sense all men as members of society enter into a contract to perform whatever the law prescribes, and a judgment inflicting a punishment and a judgment for money are alike contracts in this sense. But it can not be properly said that one convicted of felony serves a term of imprisonment in performance of a contract, or that a pardon by the executive is a mere release of his contract to serve such term. A judgment does not come within any definition of a contract as the term is used in our constitutions and statutes. It is lacking in the element of an agreement or convention of the parties — the meeting of the minds of the parties — which is essential to a valid contract; for, usually at least, a judgment is against the will of the defendant. We are of the opinion that, in the recognized legal sense, a judgment is not a contract. Wyman v. Mitchell, 1

Cowen, 316; Mc Conn v. R. R. Co., 50 N. Y., 76; Rae v. Hulbert, 17 Ill., 572; Smith v. Harrison, 33 Ala., 706; Larrabee v. Baldwin, 35 Cal., 156; State of Louisiana v. New Orleans, 109 U. S., 285; Morley v. Lake Shore R. Wy. Co., 146 U. S., 162; O'Brien v. Young, 95 N. Y., 428.

But the right of the judgment creditor to the rate of interest in force by statute at the time of the rendition of the judgment is also urged upon a somewhat different ground. It is said, "It is an implied condition of every agreement that the party failing to comply with its terms shall be liable to the party injured in such sum as the law will give him at the time the default is adjudged." But the question at once suggests itself: Why imply the particular condition stated? If it is a matter of implied contract at all, why should it not be implied that the rate should be such as the law provided at the time the agreement was made rather than at the time the default is adjudged? Story says, "Implied contracts are such as reason and justice dictate from the nature of the transaction, and which, therefore, the law presumes that every man undertakes to perform." Would not the law rather presume an agreement for a rate or sum fixed and known to the parties, than one largely conjectural and dependent upon the will of a future Legislature? In that case the act in force at the making of the contract would control, even if at the time judgment was awarded, it had been repealed and a new rate established by the Legislature. But no court, it is believed, has gone so far as to adopt this view. Indeed, it is difficult to understand how a law not yet in existence can be incorporated into, and become a part of, a contract. It is true a contract may be affected by a law subsequently enacted within the limitation that its obligation shall not be impaired. But this falls very far short of the proposition that a statute to be enacted in the future becomes incorporated into, and a part of, a contract at the time such contract is made; it clearly can not be incorporated afterward at the time the statute is

enacted, for that would be to modify the agreement, and, in effect, make a new contract for the parties.

Is it not the more reasonable view, that it is not a matter of contract at all, and, judgments not bearing interest at the common law, he may, if left to his common law remedy, recover such damages as he can prove have accrued to him by being deprived of the use of his money; or, if regulated by a statute or statutes, such sum or rate as the statute or statutes have fixed as the value of the use of the money during the time he has been unreasonably deprived of it? This, in our opinion, is the correct view.

An act reducing the rate of interest which judgments shall bear, passed after the rendition of the judgment, is a conclusive determination by the Legislature that the damages accruing to the judgment creditor by being deprived of the use of the amount due are measured by a lower rate of interest during the period subsequent to the taking effect of the act than from the rendition of the judgment up to that time. If this view is correct, the plaintiff in this case has received all damages which accrued while its judgment remained unpaid, and none of its rights have been destroyed or interfered with by legislation. The defendants' obligation to pay interest being simply that which the law imposed, they discharged that obligation by paying what the law exacted.

The specific answer to the question reserved is that the interest should be calculated at the rate of twelve per cent up to February 11, 1895, and at eight per cent thereafter.

POTTER, C. J., and KNIGHT, J., concur.