GEORGE H. JEWETT ET AL. V. FANNIE E. McGILLICUDDY.

FILED JUNE 23, 1898. No. 8200.

Interest: CONSTRUCTION OF CONTRACT. A written instrument whereby the makers promised to pay in six months after date the sum of $5,000, with interest at six per cent per annum, *held* to draw interest from its date, notwithstanding the fact that in said instrument there was a condition that it should not become due and payable until the payee should render a true and just ac-

Jewett v. McGillicuddy.

count of all moneys received and disbursed by him as Indian agent under his bond and until such account had been accepted, and on such acceptance there had been a discharge of him from all liability for moneys, by the government of the United States of America.

ERROR from the district court of Douglas county. Tried below before DUFFIE, J. *Affirmed.*

The opinion contains a statement of the case.

*Charles Offutt,* for plaintiffs in error:

Under the terms of the writing, liability for the money mentioned therein was not to accrue until the payee's discharge as Indian agent. (*Mathews v. Keble,* 3 L. R. Ch. App. Cas. [Eng.] 701; *Roffey v. Greenwell,* 10 Ad. & E. [Eng.] 222; *Morse v. Rice,* 36 Neb. 217; *Upton v. Ferrers,* 5 Ves. Jr. [Eng.] 801; *Blaney v. Hendricks,* 2 W. Bl. [Eng.] 761.)

Where parties to a contract fix a definite time in the future when liability shall accrue, interest runs from that time, and not from the date of the instrument. (*Bell v. Arndt,* 24 Neb. 261; *Durfee v. O'Brien,* 16 R. I. 213; *Morse v. Rice,* 36 Neb. 212; *Kinard v. Glenn,* 29 S. Car. 590.)

Interest from date will not be awarded in any event unless such was clearly the intention of the parties. (*Kinard v. Glenn,* 29 S. Car. 590; *Billingsly v. Cahoon,* 7 Ind. 184.)

*McCabe, Wood, McGilton & Elmer, contra:*

The instrument bears interest from date. (11 Am. & Eng. Ency. Law, p. 403, and cases cited; *Kennerly v. Nash,* 1 Stark. [Eng.] 452; *Domen v. Dibden,* 1 R. & M. [Eng.] 381; *Richards v. Richards,* 2 B. & Ad. [Eng.] 447; *Dewey v. Bowman,* 8 Cal. 145; *Gholson v. King,* 79 N. Car. 162; *Green v. Kennedy,* 6 Mo. App. 577; *Kilgore v. Powers,* 5 Blackf. [Ind.] 22; *Kimmell v. Burns,* 84 Ind. 370; *Bogan v. Calhoun,* 19 La. Ann. 472; *Dickinson v. Tunstall,* 4 Ark. 170; *Hopper v. Richmond,* 1 Stark. [Eng.] 507; *Inglish*

v. *Watkins*, 4 Pike [Ark.] 199; *Whitton v. Swope*, 1 Litt. [Ky.] 160; *Ely v. Witherspoon*, 2 Ala. 131; *Conners v. Holland*, 113 Mass. 50; *Campbell Printing Press & Mfg. Co. v. Jones*, 79 Ala. 475; *Pitzer v. Barret*, 34 Mo. 84; *Salazar v. Taylor*, 33 Pac. Rep. [Colo.] 369; *Adairs v. Wright*, 14 Ia. 22; *Payne v. Clark*, 23 Mo. 259; *Francis v. Castleman*, 4 Bibb [Ky.] 282; *Collier v. Gray*, 1 Overt. [Tenn.] 110; *Smith v. Goodlett*, 21 S. W. Rep. [Tenn.] 106; *Goodwin v. Goodwin*, 65 Ill. 497; *Brewster v. Wakefield*, 1 Minn. 260; *Main v. Casserly*, 67 Cal. 127; *Hackenberry v. Shaw*, 11 Ind. 392; *Horn v. Nash*, 1 Ia. 204; *Parvin v. Hoopes*, 1 Morris [Ia.] 387; *Daggett v. Pratt*, 15 Mass. 177; *Flanders v. Chamberlain*, 24 Mich. 306; *Brewster v. Wakefield*, 69 Am. Dec. [Minn.] 343.)

RYAN, C.

In this case there was judgment in the district court of Douglas county upon a writing of the following forms:

"$5,000.00.      SIDNEY, NEBRASKA, April 10, 1883.

"For value received, six months after the fulfillment of certain conditions hereinafter specified, by the person to whom this note is made payable, we, or either of us, promise to pay to Valentine T. McGillicuddy the sum of five thousand dollars, with interest at the rate of six (6) per cent per annum until paid. The consideration and the conditions upon which this note is given are such, that the same shall not become due and payable until the said Valentine T. McGillicuddy, who accepts this note and its conditions, shall have rendered a true and just account of all moneys received and disbursed by him as Indian agent at Pine Ridge, under his bond, dated February 14, A. D. 1883, to the government of the United States, and not until the same has been accepted and he is fully discharged from all reliability for moneys by the said government of the United States of America.

"This note is only transferable to Mrs. F. E. McGilli-

cuddy, wife of Valentine T. McGillicuddy, and not trans-
ferable by her to any other person or persons.

"GEORGE H. JEWETT.

"JAMES H. PRATT.

"C. FERRIS."

To an intelligent understanding of the position of
plaintiffs in error, against whom judgment was rendered,
it is necessary that there be considered the following
findings made by the trial court:

"2. That simultaneously with the execution of said
writing, and as a part consideration therefor, said Val-
entine T. McGillicuddy paid to the defendant George H.
Jewett the sum of $4,938.90, promising and agreeing to
pay the balance of $5,000 named in said writing, but
thereafter no other or further payment, and that for the
remainder of the consideration for said writing of April
10, 1883, and the delivery of said money to said Jewett,
the defendant Jewett himself became surety on the bond
of the said Valentine T. McGillicuddy to the United
States of America and procured for the said McGilli-
cuddy all other sureties required upon, or who, in fact,
did sign said bond, which said bond, so signed and pro-
cured by said Jewett, was in the sum of $30,000, for the
faithful discharge of his, the said Valentine T. McGilli-
cuddy's, duties as Indian agent at Pine Ridge, in the
state of Nebraska, conditioned that the said Valentine
T. McGillicuddy render a true and just account of all
moneys received and disbursed by him as Indian agent,
and the defendants herein, James H. Pratt and C.
Ferris, for the purpose of securing the obligation of
George H. Jewett on the contract set forth in finding 1,
signed said writing as sureties for said George H. Jewett.

"3. That said bond by said Valentine T. McGillicuddy,
as Indian agent at Pine Ridge, was duly accepted by the
United States of America, was dated February 14, 1883,
and that said Valentine T. McGillicuddy continued to
act as such Indian agent under said bond until in the
year 1889; that on the 9th day of July, 1889, said Valen-

tine T. McGillicuddy, having theretofore rendered a true and just account of all moneys received and disbursed by him as Indian agent at Pine Ridge under his said bond, said account of said McGillicuddy as such Indian agent was by the United States government accepted, and said Valentine T. McGillicuddy was, on said July 9, 1889, fully discharged from all liability for moneys by said government of the United States of America and that, on July 30, 1889, said Valentine T. McGillicuddy gave the defendant due notice of his discharge as aforesaid."

The district court construed the writing sued upon as an obligation to pay six per cent interest from date until the rendition of judgment, and seven per cent per annum interest thereafter. Plaintiffs in error insist that the agreement above copied did not begin to bear interest until "after the fulfillment of certain conditions hereinafter specified." In other words, it is contended that the "six months after the fulfillment of certain conditions" not only fixed the time when payment was to be made, but as well defined the earliest period during which it is was contemplated that interest should accrue, and this contention is not without a certain support in some of the authorities relied on by plaintiff in error. Our statute on the subject of interest seems to have been framed to meet some of the propositions accepted in those authorities and to render clear the entire subject,—a very laudable undertaking, as can be fully realized from an examination of the cases relied upon by the parties to this litigation. Section 4, chapter 44, Compiled Statutes, referring to the rate of interest allowed to be collected, contains this language: "On money due on any instrument in writing, * * * and on money loaned or due and withheld by unreasonable delay of payment, interest shall be allowed at the rate of seven per cent per annum." It is provided by section 1 of said chapter: "Any rate of interest which may be agreed upon, not exceeding ten dollars per year upon

one hundred dollars, shall be valid upon any loan or forbearance of money, goods, or things in action." The case of *Morse v. Rice*, 36 Neb. 212, was governed by the above quoted provision of section 4, chapter 44, Compiled Statutes, as to an unreasonable delay of payment, for, when a certificate of deposit is payable on demand, a failure to pay upon demand may well be classed as an unreasonable delay in its payment. The use of the term "on any instrument of writing," etc., relieves us of many of the difficulties which troubled the courts in cases cited by plaintiffs in error. We are of the opinion that the district court properly allowed six per cent per annum interest on the contract sued upon until the date of the judgment under consideration. In the motion for a new trial and in the petition in error there was complaint that seven per cent interest was allowed on the judgment, but as this point was not urged in argument it is presumed to be waived. The judgment of the district court is

AFFIRMED.