EMIL HORNSTEIN, APPELLEE, v. GIOVANNO BATTISTA CIFUNO ET AL., APPELLANTS.

FILED FEBRUARY 26, 1910. No. 15,923.

1. Notes: INTEREST. A promissory note in the following form: "One year after date we promise to pay to the order of Liberato Varriano four hundred no-100 dollars at Omaha, Nebraska. Value received with interest at the rate of —— per cent. per annum from —— until paid"—draws interest at the legal rate of seven per cent. per annum from its date.

2. Pleading: ADMISSIONS. The averments of the answer, set out in part in the opinion, held to constitute an admission of plaintiff's ownership of the note and mortgage upon which the action is based.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Affirmed.

John M. Macfarland, for appellant.

T. W. Blackburn, contra.

REESE, C. J.

This action was instituted in the district court for Douglas county for the foreclosure of a real estate mort-

gage on the south one-half of lot 24, in McCandlish Place, in the city of Omaha. A decree was entered in favor of plaintiff for the full amount of the note, the payment of which was secured by the mortgage, together with interest at seven per cent. per annum from 'its date. The note was in the following form: "$400. Omaha, Neb., Jan. 4, 1907. One year after date we promise to pay to the order of Liberato Varriano four hundred no-100 dollars at Omaha, Nebraska. Value received with interest at the rate of —— per cent. per annum from —— until paid. Giovanno Battista Cifuno. Marie Giuseppa Cifuno. Indorsement: Liberato Varriano, Emil Hornstein." At the time of the maturity of the note the makers, defendants, tendered the sum of $400.25, claiming that at the time the note was given there was an oral agreement between plaintiff's assignor, the payee of the note, that no interest was to be charged, and the sole question presented is as to when the interest began to run. If at maturity, the tender was sufficient, and plaintiff could only recover a sum equal to the face of the note. If the note drew interest at the legal rate of 7 per cent. per annum from its date, the decree is correct. As is shown by the copy of the note above set out, the blanks for the statement of the rate of interest and the date from which the interest would run were not filled in at the time of the execution of the note, and the legal effect would be the same as if there had been nothing written or printed after the word "interest", and the reading of the note would be to pay "interest until paid." This would cause the debt to draw interest at the legal rate of 7 per cent. per annum from the date of the note. *Salazar v. Taylor*, 18 Colo. 538; *Jewett v. McGillicuddy*, 55 Neb. 588; *Campbell Printing Press & M. Co. v. Jones*, 79 Ala. 475; *Bogan v. Calhoun*, 19 La. Ann. 472; *Dewey v. Bowman*, 8 Cal. 145; 2 Parsons, Notes and Bills (2d ed.) p. 392; Eaton and Gilbert, Commercial Paper, sec. 47c; Ogden, Negotiable Instruments, sec. 48; 2 Daniel, Negotiable Instruments (5th ed.) secs. 1385, 1458; Perley, Law of Interest, p. 8; 8 Cyc. 313; 22 Cyc. 1538. It would

also follow that proof of an oral modification of the written contract could not be received as against plaintiff who is an innocent purchaser of the note. In this we think the trial court did not err.

There is a contention that the answer denied plaintiff's ownership of the note, and that therefore the burden was on him to prove the indorsement and transfer; but it appears from the answer that plaintiff's ownership is admitted. It is alleged that the tender of the $400 was made to one Mancuso on the 4th day of January, 1908, who was in possession of the note, and on the 14th day of January of the same month the said Mancuso "for himself and plaintiff herein, for whom he was acting as agent at that time, refused to cancel the mortgage and receive the $400", etc. This must be held as an admission of plaintiff's ownership.

We find no error in the decree of the district court, and it therefore is

AFFIRMED.