WEBBER, Appellant, *v.* KILLORN et al., Respondents.

(No. 5,028.)

(Submitted January 23, 1923. Decided February 10, 1923.)

[212 Pac. 852.]

*Contracts in Writing—Varying by Parol Testimony—Inapplicability of Rule.*

Contract in Writing—Varying by Parol Testimony.
    1. Under sections 10517 and 7520, Revised Codes of 1921, when a contract has been reduced to writing its contents cannot be added to, contradicted, altered or varied by parol or extrinsic evidence, and the writing supersedes all oral negotiations concerning its matter which preceded, accompanied or led up to its execution.

Same—Executed Oral Modification—Admissibility of Parol Testimony.
    2. Since under section 7569, Revised Codes of 1921, a written agreement may be modified by an executed oral one, where parties had executed a portion of their engagement and then committed the remainder to writing, parol evidence of the part which had been executed was admissible.

*Appeals from District Court, Park County; A. P. Stark, Judge.*

Action by Joseph W. Webber against James Killorn and others. From the judgment for defendants and an order denying him a new trial, plaintiff appeals. Affirmed.

*Messrs. Gibson & Smith* and *Mr. Frank Arnold,* for Appellant, submitted a brief; *Mr. Fred L. Gibson* argued the cause orally.

*Messrs. Miller, O'Connor & Miller,* submitted a brief; *Mr. James F. O'Connor* argued the cause orally.

HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE STARK, disqualified, delivered the opinion of the court.

The plaintiff in his complaint alleges, in substance, that on March 20, 1920, he purchased from one E. H. Bartells a certain dwelling and outbuildings situated on land belonging to one Christiania Kirscher, in Park county, and ever since has been and now is the lawful owner and entitled to the immediate possession of the same; that between the 9th and 13th of April, 1920, the defendants wrongfully removed said buildings from the land on which they were situated. Plaintiff demands the return of the buildings or $5,000 damages in case delivery cannot be had.

By a joint answer defendants admit that said Bartells was at one time the owner of the buildings, and allege that in October, 1919, defendant Josephine M. Killorn for a valuable consideration purchased the buildings from said Bartells, and ever since has been and now is the owner and in lawful possession of the same, and that as such owner she removed them to adjoining lands belonging to her.

The record shows that on October 25, 1919, defendant Josephine M. Killorn and said Bartells executed a contract in writing, containing no reference to buildings, whereby for a consideration of $15,750 said defendant purchased from Bartells 315 acres of land, 20 tons of hay in stack on said land, and some hay derricks and slips. The land purchased adjoined the Christiania Kirscher tract upon which the buildings in dispute were located. It is conceded that the buildings are personal property and that defendant A. M. Kirscher acted as the agent of defendant Josephine M. Killorn, his sister, in the negotiations prior and leading up to the execution of the written contract.

Over plaintiff's objection defendants' witnesses were permitted to testify, in substance, that in the oral negotiations prior to the execution of the written contract Bartells agreed to turn over to defendant Josephine M. Killorn the buildings in controversy as a part of the consideration for the purchase price of $15,750 to be paid by the defendant; that as a consideration to Bartells to "throw in" the buildings and surrender possession of them to defendants said Bartells was credited with $90 on a debt of $150, which he then owed defendant A. M. Kirscher; that with such understanding A. M. Kirscher, prior to the signing of the contract, accepted a check for $60 in full settlement of his said account of $150 with Bartells; that before the contract was signed, Bartells surrendered and turned over to the defendants his right to the possession of the buildings in dispute, which were then occupied by defendant A. M. Kirscher, and requested that all mention of the buildings be left out of the written contract; and that defendant Josephine M. Killorn would not have signed the contract if Bartells had not previously turned over to her the buildings in question.

Appellant contends that it was error to admit the testimony objected to, for the reason that defendants were thus permitted to add to and enlarge the terms of the written contract by parol.

The principle is well established and of general application, [1] subject to certain exceptions, that when a contract has been reduced to writing the contents of such writing cannot be added to, contradicted, altered, or varied by parol or extrinsic evidence, and that such writing supersedes all oral negotiations concerning its matter which preceded, accompanied, or led up to its execution. This was the rule at common law, and has been embodied in the statute law of this state. (Secs. 10517, 7520, Rev. Codes 1921; *Armington* v. *Stelle,* 27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 115.)

The reason for the adoption of this salutary rule, which by its rigidity sometimes appears to work an injustice, is that by

long experience it has been found that written evidence is so much more certain and accurate than that which rests in the memory only that it would be unsafe, when parties have expressed the terms of their contract in writing, to admit weaker evidence to control and vary the stronger, and to show that the parties intended a different contract from that expressed in the writing signed by them. (*Underwood* v. *Simonds*, 12 Met. (Mass.) 275.)

But where the circumstances are such that the reason for [2] the rule does not exist, there is no valid excuse or justification for enforcing it. Our Code specifically provides that a written agreement may be modified by an *executed* oral agreement (sec. 7569, Rev. Codes 1921), in which case the evidence of the act of executing the oral modification is deemed of sufficient strength and reliability to take rank with the writing itself, and the writing ceases to be the only evidence of the engagement of the parties. Hence parol evidence of such executed oral modifications of a written contract is admitted. For a like reason, where the parties first execute a portion of their engagement and then commit the remainder to writing it is proper to admit parol evidence of the part which has been executed.

If the testimony produced on behalf of the defendants, and objected to by the plaintiff, is true, defendants paid the $90 and Bartells surrendered the possession of the buildings to them as owners prior to the signing of the contract and they have been in lawful possession as owners ever since. This part of the deal became executed, and, being a part of the inducement for making the written contract to purchase the land, the writing is not the only competent evidence of the engagement of the parties. The defendants were not relying alone on proof of *what was said* in seeking to establish their claim. The evidence objected to is of matters more substantial in character, namely, *what was done.*

The trial court did not err in permitting the executed portion of the transaction not contained in the writing to be established by parol.

The judgment and the order denying a new trial are affirmed.

*Affirmed..*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.