BURNETT, RESPONDENT, *v.* BURNETT, APPELLANT.

(No. 5,273.)

(Submitted September 19, 1923. Decided October 26, 1923.)

[219 Pac. 831.]

*Promissory Notes—Interest—Rate Left Blank—Legal Rate Payable—Written Contracts—Varying by Parol Testimony.*

Promissory Notes—Interest—Rate Left Blank—Legal Rate Payable.
  1. A promissory note payable with interest without, however, specifying the rate thereof, carries interest at the legal rate.
Same—Rate of Interest Left Blank—Parol Testimony Explanatory of Intention of Parties Inadmissible.
  2. Under the rule that in the absence of fraud or mistake a written contract supersedes all prior oral negotiations and agreements with relation thereto, parol testimony to show that the understanding of the parties to a promissory note which provided for the payment of interest but did not specify the rate per cent to be paid was that no interest at all was payable was properly excluded.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

ACTION by Elsie Burnett against W. C. Burnett. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

Plaintiff, under section 8421, Revised Codes of 1921, was obliged to complete the note before she could state a cause of action for the recovery of any interest, for the statute provides that "it [the note blank] must be filled up strictly in accordance with the authority given, and within a reasonable time." This was settled by the law-merchant, and carried forward into the statute. (See *Thompson* v. *Rathburn,* 18 Or. 202, 22 Pac. 837; *Simpson* v. *First Nat. Bank,* 94 Or. 147, 185

2. Effect of filling up blanks in notes, see notes in 2 Ann. Cas. 332; 35 L. R. A. 467.

Pac. 913; *Johnston* v. *Hoover,* 139 Iowa, 143, 117 N. W. 277.)

The defendant had the right to introduce oral evidence showing that the agreement was that the note should bear no interest. Where the note is still between the original parties, it is subject to being explained by oral evidence to the extent of showing what the authority was. (See *Hathaway* v. *Brady,* 23 Cal. 121; *Couturie* v. *Roensch* (Tex. Civ.), 134 S. W. 413; *Hoopes* v. *Collingwood,* 10 Colo. 107, 3 Am. St. Rep. 565, 13 Pac. 909.) This court has always recognized the general rule that where a mistake or imperfection in a writing has been put in issue by the pleadings, oral testimony may be received. (*State ex rel. Broadwater Farms Co.* v. *Broadwater Elevator Co.,* 61 Mont. 215, 201 Pac. 687; *Cook* v. *Northern Pac. Ry. Co.,* 61 Mont. 573, 203 Pac. 512; *Knippenberg* v. *Greenwood Min. etc. Co.,* 39 Mont. 11, 101 Pac. 159; *Brockway* v. *Blair,* 53 Mont. 531, 165 Pac. 455.)

*Mr. M. M. Holman,* for Respondent, submitted a brief; *Mr. Ralph J. Anderson,* of Counsel, argued the cause orally.

Citing: *Salazar* v. *Taylor,* 18 Colo. 538, 33 Pac. 369; *Hornstein* v. *Cifuno,* 86 Neb. 103, 20 Ann. Cas. 1267, 125 N. W. 136; *Smith* v. *Johnson,* 23 Cal. 63; *Fisher* v. *Dennis,* 6 Cal. 579, 65 Am. Dec. 534; *Kohler* v. *Smith,* 2 Cal. 597, 56 Am. Dec. 369; *Everett* v. *Dilley,* 39 Kan. 73, 17 Pac. 661; *Couturie* v. *Roensch* (Tex. Civ.), 134 S. W. 413; *Merchants Nat. Bank* v. *Brastrup,* 39 N. D. 619, 168 N. W. 42; *First Nat. Bank* v. *Wolff,* 79 Cal. 69, 21 Pac. 551, 748; 22 Cyc. 1530.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover eight per cent interest from January 31, 1918, on $4,000 for two years and nine months, upon a promissory note, the principal amount of which was paid at maturity and by agreement accepted by the plaintiff without prejudice to her right to claim interest. The note reads as follows:

"$4,000.                                    Jan. 31, 1918.

"Two years and nine months after date, for value received,
[1] I promise to pay to the order of Elsie Burnett at the
First Nat. Bank of Lewistown, Mont., four thousand dollars
with interest at —— per cent, per annum.

                              "W. C. BURNETT."

Defendant's answer pleads affirmatively an understanding
had between the parties at the time of the execution of the
note that it should be noninterest bearing. Issue was joined
by reply. The case was tried before the court with a jury.
The defendant undertook to introduce proof tending to show
an agreement at the time of the execution of the note, not to
pay interest. Upon objection such evidence was by the court
rejected, as was also defendant's offer of proof made to
similar effect. On plaintiff's motion a verdict was directed in
her favor, upon which judgment was regularly entered for the
sum of $880 and costs. The appeal is from the judgment.

But one question arises determinative of this appeal, *viz.:*
What is the legal effect of the note as executed, as respects
plaintiff's right to collect interest thereon?

Section 8421 of the Revised Codes of 1921 provides: "Where
an instrument is wanting in any material particular, the
person in possession thereof has a *prima facie* authority to
complete it by filling up the blanks therein. And a signa-
ture on a blank paper delivered by the person making the sig-
nature in order that the paper may be converted into a ne-
gotiable instrument operates as a *prima facie* authority to fill
it up as such for any amount. In order, however, that any
such instrument when completed may be enforced against any
person who became a party thereto prior to its completion,
it must be filled up strictly in accordance with the authority
given, and within a reasonable time. But if any such instru-
ment, after completion, is negotiated to a holder in due course,
it is valid and effectual for all purposes in his hands, and
he may enforce it as if it had been filled up strictly in ac-

cordance with the authority given, and within a reasonable time.''

There is no obligation placed upon the payee to complete the note by filling in the blank rate of interest. In this instance, the plaintiff not having done so, the defendant cannot be heard to complain, for he is in no worse position than if she had in fact inserted the figure 8. The contract is to pay the note ''two years and nine months after date, * * * with interest at —— per cent per annum.'' The legal rate of interest fixed by law is eight per cent per annum, and in the absence of express agreement fixing a different rate, that is the rate to be allowed. The statute (Rev. Codes 1921, sec. 7725) reads: ''Unless there is an express contract in writing fixing a different rate, interest is payable on all moneys at the rate of eight per cent per annum after they become due on any instrument of writing, except a judgment, on an account stated, and on moneys lent or due on any settlement of accounts from the date on which the balance is ascertained, and on moneys received to the use of another and detained from him. In the computation of interest for a period of less than one year, three hundred and sixty-five days are deemed to constitute a year.''

In the absence of fraud or mistake, neither of which is alleged [2] in the present case, ''when the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing.'' (Sec. 10517, Rev. Codes 1921.) In this case the best and only evidence of the contract is the writing itself. (*Id.*, sec. 10516.)

The written contract superseded all prior negotiations and agreements, and to it alone must we look to determine the obligation of the defendant. (*Kelly* v. *Ellis*, 39 Mont. 597, 104 Pac. 873; *Rowe* v. *Emerson-Brantingham Co.*, 61 Mont. 73, 201 Pac. 316; *State ex rel. Broadwater Farms Co.* v. *Broadwater Elevator Co.*, 61 Mont. 215, 201 Pac. 687; *Cook* v. *Northern Pac.*

*Ry. Co.,* 61 Mont. 573, 203 Pac. 512; *Leigland* v. *Rundle Land & Abstract Co.,* 64 Mont. 154, 208 Pac. 1075; *Webber* v. *Killorn,* 66 Mont. 130, 212 Pac. 852.)

Evidence offered to show the understanding of the parties as to the payment of interest at the time of the execution of the note was properly excluded.

We think the correct rule and that sustained by both reason and authority is that a promissory note payable with interest without specifying the rate carries interest at the rate prescribed by law. (22 Cyc. 1530; *Salazar* v. *Taylor,* 18 Colo. 538, 33 Pac. 369; *Hornstein* v. *Cifuno,* 86 Neb. 103, 20 Ann. Cas. 1267, 125 N. W. 136; *Wyoming Nat. Bank* v. *Brown,* 7 Wyo. 494, 75 Am. St. Rep. 935, 53 Pac. 291; *Franklin Nat. Bank* v. *Roberts Bros. Co.,* 168 N. C. 473, 84 S. E. 706.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.