Praest v. Quesner.

---

BERNARD PRAEST, APPELLANT, V. ERNEST QUESNER ET AL., APPELLEES.

FILED MAY 1, 1925. No. 23144.

1. **Mortgages:** CONSIDERATION. Evidence examined, and *held* to establish a full, valid consideration for the notes and mortgage in controversy.
2. **Bills and Notes:** INTEREST. A promissory note which, by its terms, provides for interest from date, without any specified rate, bears interest at the rate of 7 per cent. per annum from its date.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed as modified.*

*A. R. Oleson,* for appellant.

*W. M. Cain* and *Otto H. Zacek, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

Action by plaintiff to quiet title to a half section of land in Thurston county, Nebraska, and especially to cancel the lien of a certain mortgage for $22,000 in which the defendant is named as mortgagee. Plaintiff alleged that there was no consideration for the mortgage. Defendant answered, and filed a cross-petition, praying for a foreclosure of the same mortgage. A trial of the issues resulted in a finding and decree adverse to plaintiff and in favor of defendant, foreclosing his mortgage, but for a less amount than defendant claimed was due thereon. Plaintiff has appealed, and defendant has filed a cross-appeal.

It appears that defendant Quesner is, and for many years has been, an officer of the Howells State Bank, at Howells, Nebraska, and that plaintiff was a customer of said bank, being both a depositor in and a frequent borrower from the bank. Much of the time his bank account was overdrawn. Many times, when his loans were excessive, a part thereof was carried by defendant Quesner in his individual capacity. Plaintiff's theory is that in executing notes to the bank or to the defendant he accepted the latter's statement and representations as to the amounts due, and executed notes for whatever amount was requested by defendant, believing at the time that such amounts were justly due. On or about the 28th of February, 1920, he executed three notes, aggregating $22,000, and a mortgage to secure the same. At the time he supposed and believed that he was indebted to the bank or to the defendant in that amount, but later discovered that nothing was due the bank or defendant, and, therefore, the notes and mortgage were without any consideration. He claims he did not discover the mistake or fraud until he had paid $1,000 upon one of the notes and interest on all of them for one year.

Plaintiff contends that in an action upon a negotiable instrument by the payee against the maker, when consideration is denied by the latter and evidence is introduced tend-

ing to show want of consideration, then the burden is upon the payee to show a valid consideration for the instrument. The rule contended for is conceded by the defendant and is undoubtedly the law. Plaintiff insists that defendant has not met the burden thus imposed upon him. So far as plaintiff's appeal is concerned, the sole question for determination is whether the evidence is sufficient to show a consideration for the notes and mortgage in controversy.

From plaintiff's testimony it appears that he was obsessed with the idea that each time he gave a promissory note to the defendant or to the bank he should have a corresponding credit for the amount in his bank account and in his pass-book. In many instances no credit appears on his pass-book for the amount of the note he had given, and he therefore concluded that he had been defrauded and had not received any consideration for many of the notes which he had executed prior to February 28, 1920, that being the date on which the mortgage in controversy and the notes thereby secured were executed. However, from a careful examination of all the evidence, we are satisfied that plaintiff was in error, and that he received credit in his bank account for each note executed when he was entitled thereto.

Plaintiff also testified that he had delivered to defendant a check for $3,500, drawn on another bank, and for which he should have been entitled to credit in his bank account, and that no credit was given for the check. The evidence clearly shows, however, that, while plaintiff did not receive credit in his bank account, he did receive credit therefor upon his obligation to Smith and Hancock, from whom he had purchased a tract of land in Thurston county, and that this check was transmitted to them by defendant for plaintiff and was received by Smith and Hancock as a part of the purchase price of the land. Plaintiff's contention that the notes secured by the mortgage in controversy were given in settlement of previous notes, for which he had not received any consideration, seems to be utterly unfounded.

From the evidence it fairly appears that the mortgage in controversy and notes thereby secured were not given

in settlement of plaintiff's previous indebtedness to the defendant and the bank. In November, 1919, defendant purchased from Hancock and Smith a half section of land in Thurston county for which he was to pay $100,000, and of which $10,000 only was paid at the time the contract was made, the remaining $90,000 being due on the 1st of March, 1920. The mortgage in controversy and the notes were given to raise a part of the $90,000 due, and the evidence fairly shows that the entire proceeds were remitted to Hancock and Smith as a part of the purchase price due from plaintiff. From the facts disclosed by the record, it satisfactorily appears that defendant has established, by a preponderance of the evidence, that there was a full, valid consideration for the notes and mortgage.

The trial court, however, treated the action as one for a general accounting, and in so doing refused to allow interest upon four notes which had been previously given by plaintiff to defendant or the bank, because, as the court interpreted the notes, they did not bear interest. Sixty-four notes, which had been given by defendant previous to the transaction in controversy, were received in evidence. These notes contained the following printed clause: "With interest payable annually at the rate of ten per cent. per annum from————until paid." In all of these notes, with but a single exception, the word "date" was written in the blank space in the quoted clause, and in most of the notes the word "ten," indicating the rate of interest, was stricken out and the figure "8" inserted in lieu thereof. In four of these notes the word "ten" was stricken out and no other word or figure inserted in its place, so that the interest clause in the four notes read: "With interest payable annually at the rate of .... per cent. per annum from date until paid." The trial court allowed plaintiff credit upon the notes, secured by the mortgage in controversy, in an amount equal to the interest on these four notes from their date until maturity. This action of the trial court constitutes the basis of defendant's cross-appeal.

Under sections 2835, 2837, Comp. St. 1922, a promissory

note, which, by its terms, provides for interest without any specified rate, bears interest at the rate of 7 per cent. per annum from its date. This court has heretofore held that a promissory note, containing a similar interest clause, bears interest from its date at 7 per cent. *Hornstein v. Cifuno*, 86 Neb. 103. This question we do not regard as material, because the action was not one for a general accounting, but to cancel a specific lien upon real estate. Defendant was entitled to a decree of foreclosure for the amount due upon the notes and mortgage, less payments that had been made thereon.

There is another matter which requires attention. The decree below awards defendant 10 per cent. interest on the entire amount found due. An examination of the notes shows that the $10,000 note, on which $1,000 had been paid, bears interest after maturity at 10 per cent. per annum, while the other two notes bear interest at the rate of 8 per cent. from date until paid. On August 14, 1922, the date of the decree, the amount then due on the $10,000 note, bearing the default rate of 10 per cent. interest, was $10,-310, and the amount due on the other two notes at that time was $13,397.33. The decree of the district court should be and is modified so as to award the defendant a decree of foreclosure for $23,707.33 as of the date of August 14, 1922, of which amount $10,310 bears interest at 10 per cent. per annum from August 14, 1922, and $13,397.33 bears interest at the rate of 8 per cent. per annum from the same date.

The judgment of the district court, as herein modified, is affirmed.

AFFIRMED AS MODIFIED.