LINN, Respondent, *v.* FRENCH et al., Appellants.

(No. 7,256.)

(Submitted June 2, 1934. Decided June 22, 1934.)

[33 Pac. (2d) 1002.]

Cause submitted on briefs of Counsel.

*Mr. C. A. Spaulding,* for Appellants.

*Mr. John D. Gillan,* for Respondent.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action in claim and delivery in a justice's court to recover the possession of twelve head of cattle or their value. Judgment was there recovered in favor of plaintiff. The case was appealed to the district court with a like result. Motion for new trial was made, heard and denied. Defendants have appealed to this court from the judgment of the district court.

On June 14, 1929, plaintiff and the defendant Chester French entered into a written contract whereby the plaintiff agreed to sell, and the defendant agreed to buy, certain personal property consisting of livestock and farm machinery, and in addition plaintiff agreed to assign his interest in certain land under a contract of purchase, all upon deferred payments. This contract provided that the title to all of this property was to remain in the vendor until the payments were made; the vendee was to have, and did go into, possession of this property. The contract was denominated a conditional sales contract in the body of the instrument. In addition, it was provided that the conditional sales vendee would execute a chattel mortgage upon one Chevrolet automobile, four range horses, six cows, and their increase, to secure the deferred payments. This mortgage was executed and filed.

The parties to this contract on February 20, 1932, entered into a further contract with reference to the same subject matter. In the meantime, the vendee had made some payments under the terms of the original contract, but at that time he was in default on other payments. By the latter contract it was provided that the "said conditional sales contract between the parties hereto, dated June 14, 1929, is hereby rescinded, abrogated and wholly set aside, and shall hereafter be of no further force or effect; * * * that said party of the first part [plaintiff] agrees to forthwith satisfy on the records of Lewis and Clark county the said chattel mortgage heretofore given him by said second party [defendant Chester French] and to return to said second party said two promissory notes remaining unpaid for four hundred and seventy-five dollars ($475.00), each now in the hands of F. W. Lingquist, of Helena, Montana; that said party of the second part agrees to forthwith deliver to the said party of the first part, to belong to and be, after such delivery, the property of said first party, the personal property described in said conditional sales contract of June 14, 1929, save and except such cattle as have been heretofore sold and accounted for, to-wit, five head, and save and except also four head of range horses, and save and except also one Chevrolet roadster described on page 5 of said contract of June 14, 1929." In addition, it was provided that the vendee under the original contract was to retain two other head of cattle as his own.

It is conceded that the twelve head of cattle involved in this action are the six cows and their increase mentioned in the original contract, which were to be mortgaged to the vendor. It is likewise conceded that the title of plaintiff to this property was acquired, if at all, through the provisions of the second contract. These contracts were received in evidence on the trial of the case.

The defendant French testified that the notes were never returned to him, and that the chattel mortgage was never satisfied. His statement in this regard stands undisputed in the

record. The record is silent as to any offer to return the notes or to satisfy the chattel mortgage.

After the execution of the second contract, plaintiff resumed possession of the real estate and the personal property which he had originally agreed to sell to the vendee. During the occupancy of the premises by the vendee, a line fence between these premises and the adjoining lands, the property of his brother and co-defendant, was removed; thereafter the cattle of the defendants French pastured on the premises of both within a common inclosure. The cattle in question were left within this common inclosure at the time the vendee surrendered possession of the premises.

The vendee testified that he left the cattle in this inclosure but in charge of his brother. With reference to the taking of the cattle in dispute, the plaintiff testified as follows: "They were in this field, and French had no fence between us, and I figured they were in my field." He further testified that later, when the weather was stormy, he took the cattle from the common field, drove them across the road to another lot, and fed them there.

Over objection, witnesses were permitted to testify on behalf of the plaintiff as to oral admissions made by the vendee subsequent to the date of the second contract, to the effect that he had returned the cattle in question to plaintiff in settlement of his obligation under the original contract. Likewise over objection, the same witnesses were permitted to testify as to the intention of the parties with reference to the surrender of these cattle in discharge of the obligations of the original contract.

Subsequent to February, 1932, the defendant Chester French executed to his co-defendant and brother, in satisfaction of a debt, a bill of sale to the cattle in question, the cattle at the time claimed to be in the possession of the vendee, covered by the instrument.

The case was tried before the court without a jury. Special findings of fact were made. The defendants contend that the evidence is insufficient to support the findings and judgment.

The court found "that under the terms of the second contract entered into by the parties hereto in February, 1932, J. C. Linn became the owner, and entitled to the possession of the twelve head of cattle involved herein." Defendants argue that under the terms of the second contract none of the property described in the chattel mortgage was to become the property of the plaintiff. It was, however, provided in this contract that the vendee in the original contract "agrees to forthwith deliver to the said party of the first part [plaintiff], to belong and to be after such delivery the property of said first party, the personal property described in said conditional sales contract of June 14, 1929 [save and except certain property described on page 5 of said contract of June 14, 1929]." The only property described on page 5 of the original contract was the Chester French property to be mortgaged. Other personal property was described in the contract of June 14, 1929, but it appears of necessity on either the first or second page of that instrument, or perhaps both. The property described within the exception clause is described on page 5 of the original contract, and includes all the property described on page 5 of this contract, except the six head of cows and their increase. If the defendant Chester French was to deliver any property described on page 5 of the original contract, it was of necessity the livestock in question, as all the other property described on that page, with the exception of these cattle, is included within the exception clause from this particular provision of the second contract.

If we were to adopt the interpretation of the contract for which the defendants contend, we would be in effect making a new contract for the parties. "It is not the province of courts to make contracts for parties *sui juris*, but rather to interpret and enforce them as made by the parties themselves in accordance with their terms, when legitimate and based upon a valid consideration." (*Sullivan* v. *Metropolitan Life Ins. Co.*, 96 Mont. 254, 29 Pac. (2d) 1046, 1050, and cases cited.)

Error is assigned on the admission by the court, over objection, of the parol testimony as to the intention of the parties. The court was in error in receiving such testimony—it not being contended that the contract was ambiguous—for, if the language of the agreement is clear, the intention of the parties is to be ascertained from the writing alone. (*New Home Sewing Machine Co.* v. *Songer*, 91 Mont. 127, 7 Pac. (2d) 238; *Hill Cattle Corp.* v. *Killorn*, 79 Mont. 327, 256 Pac. 497.)

Where the terms of an agreement are reduced to writing by the parties, it will be considered as containing all those terms, and, in the absence of fraud or mistake, no evidence of the terms of the agreement, other than the contents of the writing, can be given. (*Burnett* v. *Burnett*, 68 Mont. 546, 219 Pac. 831; *Anderson* v. *Border*, 75 Mont. 516, 244 Pac. 494; *Hollensteiner* v. *Anderson*, 78 Mont. 122, 252 Pac. 796.)

The same objection was made to the testimony of the witnesses as to oral admissions made by Chester French to the effect that he had surrendered the cattle in question in accordance with the second contract. Under the express terms of that contract, this property was to become the property of plaintiff upon delivery. Under its terms, title did not vest in the plaintiff instanter. Delivery was to be made forthwith; but, until delivery was made, title was not transferred. It was therefore necessary, in order for plaintiff to establish ownership in these cattle, to prove delivery. These oral admissions were admissible for the purpose of proving delivery.

As we have observed above, the court expressly found that under the terms of the contract of February, 1932, Linn became the owner and entitled to the twelve head of cattle in dispute. This finding is erroneous, by virtue of what we have just said; hence it is not supported by the evidence.

The judgment must be reversed, unless the decision can be sustained on the theory that it is supported by an implied finding of delivery to plaintiff. The only evidence of delivery is the oral admission already adverted to and the taking possession of the lands which Chester French surrendered with

the cattle in question ranging on lands included in these and other lands belonging to the brother of Chester French. As against these facts we have the testimony of the defendants' witnesses to the effect that the cattle were left in charge of Dell French, whose lands were within the same inclosure, that no delivery was made or intended by the defendants, that the notes were not surrendered by plaintiff, and the chattel mortgage remained unsatisfied. Thus it will be observed that the testimony on the question of delivery was in conflict.

The trial court having adopted the view that under the terms of the contract of February, 1932, title to the cattle vested immediately upon the execution of the contract, rather than upon delivery as provided therein, it is apparent that, in making its findings, it entirely disregarded, by reason of this express finding, the question of delivery as being wholly immaterial to a decision of the issues.

This court, in the case of *Crosby* v. *Robbins,* 56 Mont. 179, 182 Pac. 122, 125, after observing that it was apparent that the trial court in making its findings disregarded an admision in the pleadings—and it being there urged that this court should imply a finding in accordance with the admission in order to support the decree—said: "The doctrine of implied findings is not sufficiently broad to cover such contingency."

There is no finding, either express or implied, upon the determinative question of delivery by the defendant Chester French to the plaintiff of the cattle in controversy. The only substantive evidence in support of the contention is that relative to the oral admissions of the defendant Chester French. Oral admissions of a party are to be viewed with caution. (Subd. 4, sec. 10672, Rev. Codes 1921.) Declarations against interest are said to be the weakest and least satisfactory of any evidence in persuasive value. (*Langston* v. *Currie,* 95 Mont. 57, 26 Pac. (2d) 160; *Sanger* v. *Huguenel,* 65 Mont. 236, 211 Pac. 349; *Escallier* v. *Great Northern R. Co.,* 46 Mont. 238, 127 Pac. 458, Ann. Cas. 1914B, 468.)

Since the other errors urged are not likely to arise on a new trial of this cause, we pass them without further consideration.

The judgment is reversed, with direction to grant defendants a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

MR. JUSTICE ANGSTMAN, being absent, takes no part in the foregoing opinion.