NATIONAL PACKING CO., Inc., a Kansas corporation, Plaintiff-Appellant,

v.

CENTURY PROVISION COMPANY, an Illinois corporation, and Raymond L. Sabath, Defendants-Appellees.

No. 14726.

United States Court of Appeals
Seventh Circuit.
Dec. 14, 1965.

---

Roger W. Barrett, Chicago, Ill., Wm. Bruce Hoff, Jr., Chicago, Ill., Mayer,

Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, on the brief for appellant.

Raymond L. Sabath, Chicago, Ill., for appellees.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and MERCER, District Judge.

SCHNACKENBERG, Circuit Judge.

National Packing Co., Inc., a Kansas corporation, plaintiff, has appealed from a judgment of the district court in its favor because, in its suit against Century Provision Company, an Illinois corporation, and Raymond L. Sabath, defendants, the district court failed to allow interest to plaintiff on the note upon which the suit was brought.

The statutory law of the state of Kansas is applicable here.

The evidence shows that the note in issue was executed on October 29, 1959, on the following form:

PROMISSORY NOTE

October          , 1959
Kansas City, Kansas

FOR VALUE RECEIVED, we promise to pay to Central Packing [1] Company, or order, SEVENTY-NINE THOUSAND, EIGHTY-FIVE AND 80/100 Dollars ($79,085.80) at Kansas City, Kansas, with interest at .......... percent per annum from ........................

CENTURY PROVISION COMPANY,

A Corporation

By ...................................
President

...................................
R. L. SABATH

It further appears that the blank spaces were filled in by showing the date to be October 29, 1959 and the rate of interest to be 6 percent per annum from "Oct. 29 —1959". The name "Raymond L. Sabath" was written above the word "President" and "R. L. Sabath" was written above the lower line.

The district court found that the blank spaces in the note relating to interest were left blank by agreement of the parties that no interest was to be charged and that said spaces were later filled in by some person or persons other than defendants without their knowledge, authority or consent.

1. Plaintiff was then known as Central Packing Company.

The district court concluded that it was agreed that no interest was to be charged and hence the spaces were left blank.

The district court received the testimony of two witnesses for plaintiff, as well as two witnesses (including Sabath) on behalf of defendants.

Sabath testified that the note was presented to him with blank spaces relating to interest, that he signed the note without filling in those blanks,[2] and that nothing was said by any person present on the subject of interest.

General Statutes of Kansas Annotated, Vol. 1 (1949), § 52–214 provides:

> Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein; and a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. * * *

In Burnett v. Burnett, 68 Mont. 546,[3] the court said, at 549–550:

> "The legal rate of interest fixed by law is 8 per cent. per annum, and in the absence of express agreement fixing a different rate, that is the rate to be allowed.

> \* \* \* \* \* \*

> " 'Unless there is an express contract in writing fixing a different rate, interest is payable on all moneys at the rate of eight per cent per annum after they become due on any instrument of writing, * *.'

\* \* \* \* \* \*

"We think the correct rule and that sustained by both reason and authority is that a promissory note payable with interest without specifying the rate carries interest at the legal rate prescribed by law."

See, also, Chelsea Exchange Bank v. Warner, 202 App.Div. 499, 195 N.Y.S. 419, 421 (1922); Hornstein v. Cifuno, 86 Neb. 103, 125 N.W. 136 (1910).

For these reasons this case is remanded to the district court with directions to enter in favor of plaintiff a judgment for interest, computed under the law of Kansas, and costs.

Remanded with directions.

---

**2.** He did testify that he then filled in "29" after "October".

3. Also reported in 219 P. 831, 832 (1923).